### SMITH v. THE BRADSTREET CO.

1. EXCEPTIONS failing to state in terms in what the errors consist are too general.
2. LIBEL—PLEADINGS—COMPLAINT—DAMAGES.—Allegations to the effect that the defendant published and circulated a given statement which was false, and was done with malice towards the plaintiff, thereby injuring his business, his business reputation, and his name and credit as a merchant, to his damage, states a libel *per se,* and special damages need not be alleged. But this complaint held to allege special damage.
3. PLEADINGS—MOTION TO MAKE DEFINITE—DEMURRER.—If allegations of fact in a complaint are subject to objection of want of definiteness and certainty, motion to make definite and not demurrer is the remedy.

Before BUCHANAN, J., Charleston, November, 1900. Reversed.

Action by Frank M. Smith against the Bradstreet Co. From order dismissing complaint on demurrer, plaintiff appeals.

*Messrs. Mordecai & Gadsden,* for appellant, cite: *Where it is alleged that libel has been maliciously composed and published, not necessary to allege special damage:* Cheves, 17; 4 McC., 318; Dud., 310; 116 N. Y., 223; 3 How., 267; 20 L. R. A., 138; 28 Mich., 366; 50 Mo., 439; 80 Mo., 563; 19 Mo., 227; Townsend on Slander and Libel, secs. 132, 179; 22 Fed. R., 771; 31 Minn., 235; 109 Mo., 131; 18 S. W. R., 1134; 18 Ency., 2 ed., 942; 1 N. & McC., 290; Newell on

Defamation, &c., secs. 33, 35. *Publications of this charac-*
*ter are not privileged, and damages lie therefor:* 49 N. J. L.,
413; 46 N. Y., 188; 12 Fed. R., 526; 25 Fed. R., 137; 8 N.
Y., 423; 15 Conn., 225, 267; 10 Pet., 81; 3 Wheat., 546; 5
Blathford, 499; 116 N. Y., 223; 9 L. R. A., 103; 9 West. R.,
709; 2 Ca. & P., 252; 8 Phil., 617; 37 N. Y., 477; 2 L. R.
A., 405; 77 Ga., 172; 12 Fed. R., 526; 26 Am. L. Reg., N.
S., 681; 28 *Ibid.,* 259; 23 S. C., 423.

*Messrs. Smythe, Lee & Frost,* contra, cite: *What is ad-*
*mitted an oral demurrer?* Code, 163, 165; 2 Duer., 675; 28
S. C., 396; 33 S. C., 217; 34 S. C., 62; 45 S. C., 392; 71
Fed. R., 21; 107 U. S., 591; 115 U. S., 237; 45 N. E. R.,
623; 23 S. E. R., 675; 14 Pha. (Pa.), 124; 97 N. Y., 523;
45 Am. St. R., 42; Green. Ev., secs. 418, 428; 6 S. C., 174;
10 S. C., 499; 13 S. C., 478. *As to the business of a mer-*
*cantile agency:* 83 N. Y., 34; Townsend on Slander and
Libel, 4 ed., 446; 37 N. Y., 480; 116 N. Y., 220; 48 La. An.,
No. 12, 104. *What words are libellous per se and what*
*not?* Townsend on Libel and Slander, 4 ed., sec. 59; 2
Green. on Ev., 256. *Are the words in question libellous*
*per se?* 21 S. C., 589; 57 Md., 38; 116 N. Y., 219; 4th
Bing., 489; 20 S. R., 706; 23 S. E. R., 423; 48 N. Y., 561;
4 Hill, 312; 2 Barb., 632; 65 Barb., 627; 3 Rich., 250. *Spe-*
*cial damages cannot be proved unless alleged:* 1 N. & McC.,
344; 2 Brev., 309; 11 Strob., 375; 31 S. C., 52; 40 S. C.,
527; 4th Wind., 540; 57 N. Y., 125.

April 16, 1902. The opinion of the Court was delivered
by

MR. JUSTICE POPE. When this action came on for trial
before his Honor, Judge Buchanan, and a jury, upon read-
ing the complaint, the defendant interposed a demurrer in
writing on the ground that such complaint fails to "state
facts sufficient to constitute a cause of action, in that the
words set out in the complaint and alleged to have been ut-
tered by the defendant, are not actionable nor libellous *per se,*

nor such as without more, necessarily imply damage to the plaintiff. That it is, therefore, necessary for the plaintiff not only to prove, but also in his complaint to specifically allege, the special damage which he claims to have suffered; and this he has failed to do." After argument the Court said: "I do not think the complaint sets out enough here. I do not think it sets out special damages at all. I do not think it is fairly inferable from the complaint that the plaintiff has any cause of action at all. I, therefore, grant the motion." Then a formal order was made, sustaining the demurrer and dismissing the complaint, with costs. The plaintiff gave notice of appeal therefrom. It thus becomes necessary to set forth the complaint and the grounds of appeal. Omitting the caption, the complaint is as follows:

"The plaintiff above named, complaining of the defendant above named, alleges:

"I. That at the times hereinafter stated, the defendant, The Bradstreet Company, was and still is a body corporate, duly chartered under the laws of the State of Connecticut, having its principal place of business in the city of New York, in the State of New York.

"II. That the said defendant, The Bradstreet Company, at the times hereinafter mentioned, conducted and still conducts a mercantile agency in the city of New York and throughout the United States and Canada; also having offices in the city of Charleston, in said State of South Carolina; and their business then consisted and still consists in collecting information as to the credits and financial standing of dealers throughout the country. That the defendant four times a year then published and still publishes a book of ratings, called 'Bradstreet's Commercial Reports,' and once in each week a notification sheet called 'Sheet of Changes and Corrections,' which said weekly notification sheet was at the times hereinafter mentioned distributed and is still distributed broadcast throughout the country, partly by mail and partly delivered by messenger; and this plaintiff alleges that it was then and still is distributed generally among all sub-

scribers to the defendant's publication, irrespective of their interest in the plaintiff's credit and standing, and that such weekly publication was so generally distributed on the date hereinafter set forth.

"III. That on the 9th day of February, 1898, said defendant, The Bradstreet Company, maliciously composed and published concerning the plaintiff, who was then and had long previously thereto been a reputable merchant in good standing and credit in the city of Charleston, State aforesaid, carrying on successfully the business of a pharmacist and druggist in the city of Charleston, State aforesaid, the following false and defamatory matter, under the head of 'Record Items,' in said publication of February 9th, 1898, known as the 'Sheet of Changes and Corrections:' 'South Carolina, Charleston. Smith, Frank—druggist. Chattel mortgage $1,900.'

"IV. That said publication was false, and that by reason thereof this plaintiff's business was injured, and this plaintiff was injured in his business reputation and in his good name and credit as a merchant, to his damage $1,995.

"Wherefore, plaintiff demands judgment against defendant for the sum of $1,995."

The grounds of appeal were as follows:

"First. Because his Honor erred in holding 'that the demurrer be sustained, and the complaint be dismissed with costs.'

"Second. Because his Honor erred in holding 'that it was necessary to set out in the complaint special damages.'

"Third. Because his Honor erred in holding that 'it was not fairly inferable from the complaint that the plaintiff has any cause of action whatever.'

"Fourth. Because his Honor erred in holding 'that the words set out in the complaint and alleged to have been uttered by the defendant are not actionable nor libellous *per se,* nor as such without more, necessarily imply damage to the plaintiff.'

"Fifth. Because his Honor should have held that inas-

much as the complaint alleged that the defendant *maliciously* composed and published the false and defamatory matter, it was not necessary to allege special damage.

"Sixth. Because his Honor erred in holding that it was necessary for the plaintiff not only to prove but also in his complaint to specifically allege the special damage which he claims to have suffered, and this he has failed to do.

"Seventh. Because his Honor erred in holding that it was necessary in this complaint to specifically allege special damages, because in an action of this character where the words are alleged to have been *maliciously* composed and published, it is not necessary to specifically allege special damages.

"Eighth. Because, even if it were necessary to allege in the complaint the special damages which the plaintiff claims to have suffered, the complaint sufficiently sets forth such special damages.

"Ninth. Because his Honor should have overruled the demurrer and sustained the complaint."

We will now consider these exceptions. So far as the first and ninth are concerned, we may say that they are too general to be noticed further than to say they fail to point out in terms in what the error consists, and they are, therefore, overruled.

The errors alleged in the other exceptions may be thus stated: (a) That where a complaint sets out words which are alleged to be false, and are alleged to have been written with malice towards the defendant as a merchant, and to have been published to be and were actually circulated among merchants and other business men, and that thereby the plaintiff was injured in his business as such merchant, also in his business reputation as such merchant, and also in his good name and credit as a merchant, to plaintiff's damage $1,995, the words so alleged in complaint are actionable *per se.* (b) That even if correct pleading required allegations of facts showing special damage to plaintiff, that the allegations of fact in this complaint answer even such demand, because the allegations of the complaint aver injury to the

34—63

plaintiff as a merchant, also in his business reputation as a merchant, and also in his good name and credit as a merchant, in the sum of $1,995. (c) That if there was want of definiteness and certainty in the allegations of facts in the complaint as to his special damages, the remedy of the defendant was not by way of demurrer, but a motion to require greater definiteness and certainty in these matters.

We will consider these matters. This Court, in the recent case of *The State* v. *Brock,* 61 S. C., 141, has approved the definition of libel set out in 18 A. & E. Ency. of Law, at page 861: "A libel is malicious defamation, expressed either by writing or printing, or by signs, pictures, effigies or the like, tending to blacken the memory of one who is dead, or to impeach the honesty or integrity or reputation, or publish the natural or alleged defects of one who is alive, and thereby to expose him to public hatred, contempt, ridicule or obloquy, or to cause him to be shunned or avoided, or to injure him in his office, business or occupation." A shorter definition is set out in the *State* v. *Farley,* 4 McC., 316: "A libel is a censorious or ridiculing writing, picture or sign, made with a malicious and mischievous intent towards governments, magistrates or individuals." It was held by the Court of last resort, in the case of *Davis* v. *Ruff,* Cheves, at pages 19 and 20: "The general rule is as stated in 1 Sanders, 242, note 3, that when the words 'are only actionable because they are spoken of a tradesman, the plaintiff must aver and prove that the words were spoken in relation to his trade. But to this rule there is one plain, well recognized exception, that where the words are such as effect a man's credit, then it is neither necessary to aver nor to prove that they were spoken in reference to the particular trade or business which the party was pursuing.'" In the case at bar, the complaint sets out, "that on the 9th day of February, 1898, said defendant, The Bradstreet Company, *maliciously* composed and published *concerning the plaintiff,* who was then and had long previously thereto been a reputable merchant in good standing and credit in the city of

Charleston, State aforesaid, carrying on successfully the business of a pharmacist and druggist in the city of Charleston, State aforesaid, the following *false* and defamatory matter, under the head of "Record News," in said publication of February 9th, 1898, known as *"Sheet of Changes and Corrections,"* to wit: "South Carolina, Charleston.  Smith, Frank—Druggist.  Chattel mortgage $1,900."  "That said publication was false, and *that by reason thereof* this plaintiff's business was injured, and this plaintiff was injured in his business reputation and in his good name and credit as a merchant, to his damage $1,995" (italics ours).  As will be seen from the complaint itself, the defendant was alleged to be conducting at the time of the publication of said "Record Items," a mercantile agency in the city of New York and throughout the United States and Canada, also having offices in the city of Charleston, S. C.; and it is also alleged that defendant's said business consisted then and now consists in collecting information as to the credit and financial standing of dealers throughout the country, and as such mercantile agency once in each week published and distributed throughout the country what is known as "Sheet of Changes and Corrections," which is generally distributed and was so generally distributed on 9 February, 1898, broadcast throughout the country, partly by mail and partly by messenger.  It seems to us that if the defendant published this "Sheet of Changes and Corrections" and distributed the same throughout the country, wherein it was stated that the plaintiff had given a chattel mortgage to the amount of $1,900 upon his stock of goods, and that this statement was not only false but also was done with malice towards the defendant, thereby injuring the plaintiff's business, his business reputation and his good name and credit as a merchant, to his damage $1,995, that it was a libel *per se.*  Now, of course, we are only speaking of the allegations of fact in the complaint, which by the demurrer are admitted to be true for present purposes.  The complaint need not have alleged or specified special damages.

(b) But we hold further, that if special damages were required to be alleged, this complaint is not demurable, for such special damages are alleged.

(c) And that it was in the power of the defendant, if the allegations of fact were subject to the objection of want of definiteness and certainty, to have the plaintiff make them more definite and certain by motion and not by demurrer.

It follows, therefore, that the 2d, 3d, 4th, 5th, 6th, 7th, 8th grounds of appeal are sustained.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed and the action be referred to the Circuit Court for trial.