### RILEY v. ASKIN & MARINE CO.

#### (132 S. E., 584)

1. LIBEL AND SLANDER—"LIBEL" IS MALICIOUS DEFAMATION EXPRESSED
   BY WRITING, PRINTING, SIGNS, PICTURES, EFFIGIES, AND THE LIKE,
   TENDING TO BLACKEN MEMORY OF ONE DEAD OR TO IMPEACH HON-
   ESTY, INTEGRITY, VIRTUE, OR REPUTATION, OR PUBLISH NATURAL OR
   ALLEGED DEFECTS OF ONE WHO IS ALIVE.—"Libel" is malicious de-
   famation expressed either by writing, printing, signs, pictures,
   effigies, and the like, tending to blacken memory of one who is dead,
   or to impeach honesty, integrity, virtue, or reputation, or publish
   natural or alleged defects of one who is alive, and thereby expose
   him to public hatred, contempt, ridicule, or obloquy, and cause him
   to be shunned or avoided and injure him in his office, business, or
   occupation.

2. LIBEL AND SLANDER.—Words which are not libelous when spoken
   may become so when written, and mere insinuation or imputation
   may be actionable if meaning is plain.

3. LIBEL AND SLANDER—LETTER FROM CREDITOR TO MINOR DEBTOR, IN-
   TIMATING DISHONESTY ON PART OF DEBTOR, HELD LIBELOUS PER SE.—
   Letter from creditor to minor debtor, stating they had taken
   her word for her honesty in permitting her to open charge account,
   and intimating that her ignoring them was not due to carelessness,
   *held* to carry an imputation of dishonesty and to be libelous *per se*
   as a matter of law.

4. LIBEL AND SLANDER.—In order to maintain an action for libel or
   defamation of any kind, it must be shown that there was publication
   of defamatory matter.

5. LIBEL AND SLANDER—SENDING LIBELOUS LETTER THROUGH MAIL
   WITH GOOD REASON TO BELIEVE IT MAY BE OPENED BY AUTHORIZED
   PERSON OTHER THAN ADDRESSEE IS PUBLICATION, ALTHOUGH SEND-
   ING SUCH LETTER WITH NO REASON TO SUPPOSE IT WOULD BE READ
   BY ANOTHER IS NOT PUBLICATION TO SUPPORT CIVIL ACTION FOR
   LIBEL.—Although sending libelous letter through mail to person
   libeled with no reason to suppose it will be read by another is not
   publication which will support civil action for libel, if writer has
   good reason to believe letter may be opened by authorized person
   other than by addressee sending by mail is publication.

NOTE:—As to whether communication of defamatory matter only to
person defamed is a publication which will support an action for libel
and slander, see note in 24 A. L. R., 237.

Defamation of deceased person as libel and slander, see note in
L. R. A. 1917-C, 615.

6. LIBEL AND SLANDER—COMPLAINT WHICH DID NOT ALLEGE THAT CREDITOR SENDING LIBELOUS LETTER TO 17-YEAR-OLD GIRL HAD NOTICE HER PARENTS WOULD READ HER LETTERS, HELD NOT TO ALLEGE SUCH PUBLICATION AS WOULD RENDER ALLEGED LIBEL ACTIONABLE.—Complaint, in civil action for libel, which did not allege that creditor sending libelous letter to 17-year-old girl through the mails had any notice that her parents would open and read her letters before she had opportunity, *held* not sufficient to show publication of letter as would render alleged libel actionable.

Before WHALEY, J., Richland, April, 1925. Reversed.

Action by Gladys Riley, by George Riley, her guardian *ad litem*, against Askin & Marine Company. From an order overruling a demurrer to the complaint, defendant appeals.

The following is the order of Judge Whaley directed to be reported:

This is a demurrer to a complaint upon three grounds; the first ground, however, having been withdrawn at the hearing.

As to the second ground, a careful reading of the letter as set out in the complaint shows clearly that it carries a hidden meaning or innuendo. Two reasonable inferences can be drawn from this letter, depending largely upon the circumstances surrounding the respective parties and growing out of their relationship to the subject-matter. In that view of the case a Court should not pass upon the letter as a matter of law by way of demurrer, but should leave the matter open until all of the facts are presented, in the light of which the hidden meaning or innuendo can be solved either one way or the other; in other words, it may develop at the trial that the Court would have to decide the issue as a matter of law either one way or the other, or that it might have to be left to the jury. It is plain that the demurrer should be overruled, as to that ground.

As to the third ground, there is an issue raised requiring very careful consideration. This case is somewhat different in its facts from that of *Hedgepeth v. Coleman*, 111 S. E.,

517; 183 N. C., 309; 24 A. L. R., 232, but the principle remains the same. The complaint is defective, in that it is not alleged that the defendant knew of the minority of the plaintiff, but the plaintiff asked to amend to that extent, and that motion the Court grants and will consider the matter as if that amendment had already been made.

If the plaintiff was a minor, and if the defendant knew that, then it would largely depend on the surrounding circumstances, as for instance, the age of the minor, whether or not the minor stays at the home of the parent, the actual daily relationship between such minor and parent, and possibly other circumstances that come into a case as to whether or not there would be publication, which, of course, brings into play the principle of proximate cause. I am not prepared to say as a matter of law in this case, where a minor was a girl about 17 or 18 years of age, living with her parents, to whom she had given her authority to open her mail, and who in the eyes of the law had the right to open her mail—I am not prepared to say as a matter of law that there was no publication when considering a demurrer; rather should it be left to the solution of all the facts when they are presented under the allegations as they now stand. At that time it might resolve itself either into a question of law or one of fact.

It is therefore ordered that the demurrer be, and the same is hereby, sustained, with leave to the plaintiff to amend the complaint as requested within five days from the date of service of this order.

*Mr. E. A. Blackwell*, for appellant, cites: *Allegation that publication was libelous is conclusion of law:* 114 S. C., 48; 103 S. E., 14. *Innuendo cannot enlarge import of words used:* 124 S. E., 7. *Words must be given ordinary meaning to determine libelous nature of them:* 116 S. C., 77; 106 S. E., 855. *Inference to be drawn from words must be judged by the Court:* Odger on Libel and Slander, 25; 17 R. C. L., 264. *Charge that person not a merchant*

*fails to pay debts not libelous per se:*  30 Utah, 74; 83 P., 473; 116 A. S. R., 769; 8 Ann. Cas., 841; 17 R. C. L., 298; I McM. Law, 16; 36 Am. Dec., 251.  *Receipt of libelous letter by adult not a publication:*  27 S. C., 29; 2 S. E., 629; Dudley, 303.  *Publication of libelous letter caused by party libeled not chargeable to sender:*  27 S. C., 29; 2 S. E., 629. *Same; where party libeled is an infant:*  111 S. E., 517.

*Mr. E. J. Best,* for respondent.

April 5, 1926.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

. This is an action for libel brought in the Richland County Court.  The appeal is from an order of the County Judge overruling a demurrer to the complaint.

The complaint, omitting the formal parts, is as follows:

"(1)  That at the time hereinafter mentioned the defendant was a corporation chartered and organized under the laws of a state other than South Carolina, and was and is a citizen of a state other than South Carolina; that at the time hereinafter mentioned the plaintiff was a resident and citizen of Columbia, Richland County, S. C.

"(2)  That at the time hereinafter mentioned the defendant was engaged in the general mercantile business throughout the United States, and operated a system or chain of stores for the general sale and distribution of merchandise in various cities and towns of the United States, and did operate and conduct one of its said stores in Columbia, S. C.; that the said system and chain of stores sold merchandise upon installments at a much higher price than similar goods sold for cash by other competitors.

"(3)  That at the time hereinafter mentioned the plaintiff was a minor under the age of 21 years and resided with her parents, who had access to her mail and the privilege with her consent, to open any mail which came addressed to her, and in pursuance of such consent and authority her parents

did read all of her mail, including that which the plaintiff received from the defendant, Askin & Marine Company, and also the letter herein set forth.

"(4) That some time in 1924 the plaintiff purchased from the defendant, Askin & Marine Company, a dress on the installment plan.

"(5) That on or about December 30, 1924, the defendant, Askin & Marine Company, and its agents, issued, circulated, and published of and concerning the plaintiff the following false, malicious, defamatory and libelous language, to wit:

" 'Columbia, S. C., Dec. 30, 1924.

" 'Miss Gladys Riley, % Saxon-Cullum Shoe Co.—Dear Friend: We took your word for your honesty when we permitted you to open a charge account with us. You agreed to make your payments promptly and we believed you meant exactly what you said when you signed the contract. You are not making your payments, nor have you answered our letters. We positively cannot permit you to ignore us in this way. We are now convinced that it is not due to carelessness. Whether it is or not, this letter must be answered at once with a payment. If it is not, we shall be forced to take the only course you leave open to us—legal methods.

" 'Very truly yours, Askin & Marine Co.'

"(6) That the circulation and publication of the above-described language concerning the plaintiff charged and meant to charge (and it was so understood by those reading same) the plaintiff with dishonesty in her dealings and transactions with the defendant, and that the said charges and language used concerning plaintiff's honesty and integrity was false, malicious, defamatory, and libelous, and held the plaintiff up to scorn, contempt, ridicule, hatred, and derision, and reflected upon and injured the good name, reputation, and character of the plaintiff to her damage $3,000."

The defendant demurred to the complaint on the ground:

"That it appears upon the face of said complaint that same does not state facts sufficient to constitute a cause of action, in that: (1) There is no allegation in the complaint that a guardian *ad litem* has been appointed for the plaintiff for the purposes of this action, and it appears upon the face of the complaint that the plaintiff is an infant. (2) That there is not set forth in the complaint facts showing such publication of the alleged libelous communication as would constitute publication thereof as required by law in order to maintain an action for libel. (3) That the alleged libelous communication, upon which the plaintiff's cause of action is based, is not libelous *per se,* and no special damages are alleged or set out in the complaint."

At the hearing of the matter the defendant abandoned the first specification stated in the demurrer. Hon. M. S. Whaley, County Judge, passed an order overruling the demurrer on both the second and third specifications stated therein. Let the order of Judge Whaley be reported.

The defendant now comes to this Court on appeal, stating two exceptions.

The first exception is as follows:

"That his Honor, the County Judge, erred in holding that the letter upon which the action is based is susceptible of more than one reasonable inference—it being respectfully submitted that same appears upon its face to be not libelous *per se,* and no special damage is alleged in the complaint."

The County Judge correctly overruled the specification of the demurrer, upon which this exception is based.

In *Smith v. Bradstreet Company,* 41 S. E., 763; 63 S. C., 525, the following definition of "libel" is approved:

"A libel is a malicious defamation, expressed either by writing or printing, or by signs, pictures, effigies, or the like, tending to blacken the memory of one who is dead, or to impeach the honesty or integrity or reputation, or publish

the natural or alleged defects, of one who is alive, and thereby to expose him to public hatred, contempt, ridicule, or obloquy, or to cause him to be shunned or avoided, or to injure him in his office, business, or occupation."

In R. C. L., 262, a shorter but popular definition is given:

"A libel is a malicious publication, expressed either in printing or writing, or by signs and pictures, tending either to blacken the memory of one dead, or the reputation of one who is alive, and expose him to public hatred, contempt, or ridicule."

Words which are not libelous when spoken may become so when written, and a mere insinuation or imputation may be actionable if the meaning is plain. The defendant in its letter said, "We took your word for your honesty when we permitted you to open a charge account with us"; then, after referring to the plaintiff's failure to make her payments, "We are now convinced that it is not due to carelessness." It cannot be said as a matter of law that these words when considered together, along with the circumstances surrounding the parties and arising out of their business dealings, do not carry an imputation of dishonesty, and are not, as contended for by the appellant, libelous *per se.*

This exception is overruled.

The second exception is as follows:

"That his Honor, the County Judge, erred in holding that a publication of the communication set out in the complaint had been alleged—it being respectfully submitted that the complaint does not allege a publication of such communication upon which an action for libel can be mantained."

In order to maintain an action for libel or defamation of any kind, it must be shown that there was a publication of such defamatory matter. See *Taylor v. Sturgingger,* 2 Mill, Const., 367. *Fonville v. McNease,* Dud. Law, 303; 31 Am. Dec., 556. *State v. Syphrett,* 2 S. E., 629; 27 S. C., 29; 13 Am. St. Rep., 616.

In 18 A. & E. Ency. of Law (2d Ed.), 1017, it is said:

"The sending of a libelous communication or libelous matter to the person defamed does not constitute an actionable publication, even though the matter does actually reach the hands of a third person, where this is not intended nor reasonably to be expected by the sender, but it is otherwise where the sender has reason to suppose that the matter so sent will reach the hands or be brought to the knowledge of a third person, or such a result naturally follows from the sending of the defamatory matter."

In 17 R. C. L., 317, we find:

"Although sending a libelous letter through the mail to the person libeled, with no reason to suppose that it will be opened and read by any one else before he has received and read it, is not a publication which will support a civil action for libel, if the writer has good reason to believe that the letter is likely to be opened by an authorized person other than the addressee, the sending by mail is publication."

The County Judge, taking into consideration the surrounding circumstances, the age of the minor, and the actual daily relationship between such minor and parent, etc., overruled the specification of the demurrer upon which this exception is based, relying to some extent upon the case of *Hedgepeth v. Coleman,* 111 S. E., 517; 183 N. C., 309; 24 A. L. R., 232. However, the facts and circumstances of the *Hedgepeth Case, supra,* and the present case, are not identical. In that case a boy, not more than 14 or 15 years of age, received a letter charging him with larceny and containing a threat of prosecution and imprisonment unless he made restitution of the goods stolen as indicated in the letter. He showed the letter to his father and others. The sender knew of the immaturity of the boy, the character of the accusation, and the threat contained in the letter. He knew that such a charge, with threat of prosecution and punishment, would excite great fear and emotion in the mind of one so young and immature, and would cause him,

naturally, to seek advice and help from those who were near to him. The Court in that case, under the facts shown, held that a threat may so operate on the mind of an immature boy as to amount to coercion, and that in such case the act of the boy in showing the letter was not voluntary; the act of the sender of the letter being the proximate cause of its publication. It was a case where publication naturally resulted from the sending of the defamatory letter. The Court, however, did not rest its decision merely upon the relation existing between the parent and the minor child as such.

In the present case the minor, as we gather from the order of the County Judge, was a girl 17 or 18 years of age. She purchased a dress from the appellant and agreed to pay for same on the installment plan. It appears that she acted for herself, without the intervention of her parents, in the transaction, and was alone responsible for the payment of the account. The appellant itself recognized this to be true and had all correspondence relating to the transaction directly with her.

It is not reasonable to assume, as a general rule, that the parents of a girl of that age, almost an adult, would open and read her letters before she had had an opportunity to do so herself, even though she lived with them, unless she has authorized them to do so. In the present case the complaint does not allege that the defendant had any such notice or information, or any reason to believe, that her parents or any other than the addressee would open and read the letter; nor does it appear that the opening and reading of the letter by the parents followed as a natural result from the sending of it. Hence there was no publication of the letter complained of that would render the alleged libel actionable.

This exception is sustained.

It is the judgment of this Court that the judgment of the Richland County Court be reversed.

MESSRS. JUSTICES WATTS, COTHRAN and BLEASE and MR.
ACTING ASSOCIATE JUSTICE R. O. PURDY concur.
MR. CHIEF JUSTICE GARY did not participate.