16316

### WATSON v. WANNAMAKER
(57 S. E. (2d) 477)

*Messrs. Moss & Moss,* of Orangeburg, *for Appellant,*

*Mr. T. B. Bryant, Jr.,* of Orangeburg, *for Respondent,*

February 3, 1950.

Oxner, Justice.

The complaint in this case contains two causes of action. The first is for libel and the second for slander. Both grew out of the same transaction. At the conclusion of the testimony, the Court below directed a verdict for the defendant upon the ground that there was no evidence showing a publication of the alleged defamatory matter. Plaintiff has appealed.

Both causes of action are based on a letter written by respondent, W. W. Wannamaker, Jr., to appellant, Samuel D. Watson, on November 17, 1948. The alleged defamatory language related to the removal from a farm of some pecans which had been gathered by appellant as a sharecropper. The letter was dictated by respondent to his stenographer who typed same from her shorthand notes. It was then signed by respondent and mailed to appellant. There is no evidence that the letter was seen by or its contents communicated to any other person. Some time later appellant went to the home of respondent's stenographer and inquired whether the letter

was dictated to and transcribed by her. She admitted that it was.

The decision of this case turns on the question of whether the dictation of a letter containing defamatory matter by a business man to his private stenographer or secretary, in the ordinary course of business, constitutes a publication so as to afford the basis for an action for libel or slander. There is a considerable difference of opinion upon the subject. See annotations in 18 A. L. R. 776 and 166 A. L. R. 114.

The question was squarely presented to this Court for the first time in *Rodgers v. Wise,* 193 S. C. 5, 7 S. E. (2d) 517, 518. The complaint in that case was based on a libelous letter concerning the plaintiff written by the defendant, a member of the South Carolina Bar, to an associate attorney in Washington, D. C. In this letter the testimony adduced at the trial of a case in which these two attorneys were mutually interested was discussed in order that they might determine whether an appeal should be taken. In sustaining a demurrer to the complaint, the Court held (1) that the communication was privileged; (2) that if regarded as qualifiedly privileged, no abuse of the privilege was shown; and (3) that the dictation of said letter by defendant to his stenographer did not constitute a publication within the purview of the law of libel or slander. In the circuit decree, which was adopted as the opinion of this Court, the conflict in the authorities on the question of whether the dictation of defamatory matter by a business man to his private stenographer for the purpose of having it typewritten constitutes a publication, was reviewed and considered at length. The Court concluded that "the more recent and better considered cases hold that such dictation and transcribing does not constitute a publication in the sense of the law of libel."

Counsel for appellant say that the language of the Court in *Rodgers v. Wise* relating to the question under consideration was mere dicta. It is suggested that the Court could

have properly concluded that there was no publication upon the theory that the attorneys in that case were, by virtue of their employment, agents of the plaintiff, with implied authority to use stenographers in transacting her business. The argument is made that under these circumstances, each of the parties connected with the transaction was plaintiff's *alter ego*. Conceding that the Court could have soundly rested its decision upon this ground, the fact remains that it did not do so.

It is further sought to distinguish *Rodgers v. Wise* upon the ground that the stenographer in the instant case was not an employee of respondent but of Wannamaker-Wells, Inc., which had no interest in the pecans. It is true that she was paid by Wannamaker-Wells, Inc., but respondent was president of this corporation and employed her with the understanding that she was to do his private secretarial work. The fact that she received no additional compensation therefor does not affect the principle involved.

Finally, it is contended that *Rodgers v. Wise, supra,* was overruled by implication in *Bell v. Bank of Abbeville,* 208 S. C. 490, 38 S. E. (2d) 641. In that case an action for slander was based on certain defamatory statements alleged to have been made regarding a teller of the bank by the cashier to some of the officers. In considering a demurrer to the complaint interposed by the bank, it was held that the occasion was privileged but if actual malice was shown, the protection of the privilege would be lost; and that if the privilege was abused, "publication to the other officers [of the bank] would be sufficient to render the slander actionable." The Court said that *Rodgers v. Wise, supra,* upon which the bank strongly relied, was "not applicable because decided upon an entirely different state of facts." The case was thereafter tried, resulting in a judgment for plaintiff which was reversed by this Court upon the ground that there was no proof of actual malice. *Bell v. Bank of Abbeville,* 211 S. C. 167, 44 S. E. (2d) 328. We do not think the *Bell case* can

soundly be regarded as impinging on the decision in *Rodgers v. Wise*.

Having concluded that there was no publication, in a legal sense, of the alleged defamatory matter, it is unnecessary to consider the questions of privilege and malice discussed in appellant's brief.

Affirmed.

BAKER, C. J., and FISHBURNE, STUKES and TAYLOR, JJ., concur.