17230

FOSTER ROGERS, by his guardian *ad litem,* Malcolm P. Rogers, Respondent, v. FLORENCE PRINTING COMPANY, INC., Appellant.

(95 S. E. (2d) 616)

*Messrs. McEachin, Townsend & Zeigler,* of Florence, *for Appellant,*

*Messrs. H. E. Yarborough, Jr.,* and *John L. McGowan,* of Florence, *for Respondent,*

December 6, 1956.

Moss, Justice.

This action was brought for recovery of damages for an alleged libelous publication of and concerning the respondent, a minor twelve years of age. The publication forming the basis of respondent's action appeared in the issue of the appellant's newspaper on May 10, 1956. The article as appearing in said newspaper did not refer to the respondent by name but did charge that such unnamed person was guilty of larceny and of attempted sodomy, and held such person up to public ridicule, scorn, contempt and embarrassment. There were other allegations in the complaint alleging that the article as published held up the unnamed person referred to to public ridicule and scorn, contempt and embarrassment, maligning his character and reputation, and his normality as to sexual matters was questioned.

The complaint, *inter alia,* alleges that on the day prior to the publication of the article in question, that the agents, servants and employees of the appellant announced to divers persons in the City of Florence, among whom were the respondent's school teacher, his school principal and neighbors, that a newspaper article concerning the respondent was being prepared and would be published. The complaint also alleges that after the publication of the article that the agents and servants of the appellant informed the respondent's father and others in the City of Florence that the said article was written concerning the respondent.

The complaint alleges that the respondent resides on Indian Drive, is a twelve year old child, and that several days prior to the publication by the appellant of the article referred to in the complaint, that he engaged with several of his friends in a playful and harmless game, jovially called an "initiation". The article in question refers to a twelve year old boy and describes his conduct as a "reign of terror", and that such had upset the residents of Indian Drive. The initiation of several boys into a club was also referred to. The complaint then alleges that the article "was written about the plaintiff, and that by reference to plaintiff's age and to the alleged 'initiation', it was known to the friends of the plaintiff that said news story was intended to and did refer to the plaintiff; that the fact that the said libelous publication was published of and concerning the plaintiff became generally and publicly known throughout the City of Florence and beyond in the entire circulation area."

The appellant served a notice of motion that it would move for an order requiring the respondent to state separately the two causes of action alleged in the complaint, the cause of action alleging slander, and the cause of action alleging libel. The matter was heard by the resident Judge of the Twelfth Circuit and he held that the complaint stated no cause of action for slander but only one for libel, and hence the motion was refused. The case is before this Court

upon exceptions to the order of the Trial Judge and poses two questions. (1) Does the complaint contain allegations of slander improperly joined with allegations of libel? (2) Do the allegations of oral reference to libelous matter set forth in the complaint constitute an action for slander? These two questions will be considered as one.

This Court, in the case of *Smith v. Bradstreet Co.,* 63 S. C. 525, 41 S. E. 763, 764, and as is restated in *Riley v. Askin & Marine Co.,* 134 S. C. 198, 132 S. E. 584, 46 A. L. R. 558, has defined a libel as follows:

" 'A libel is a malicious defamation, expressed either by writing or printing, or by signs, pictures, effigies, or the like, tending to blacken the memory of one who is dead, or to impeach the honesty or integrity or reputation, or publish the natural or alleged defects, of one who is alive, and thereby to expose him to public hatred, contempt, ridicule, or obloquy, or to cause him to be shunned or avoided, or to injure him in his office, business, or occupation.' "

We have held in numerous cases that any printed or written statement which falsely and maliciously charges another with the commission of a crime is libelous *per se. Smith v. Bradstreet Co., supra, Duncan v. Record Publishing Co.,* 145 S. C. 196, 143 S. E. 31.

An examination of the complaint shows a charge of larceny and attempted sodomy, and it is alleged that the publication of these charges were falsely and maliciously made. Hence a libel *per se* is stated.

The appellant contends that the allegations of the complaint wherein it is stated that prior to the publication of the alleged libelous article and after the publication thereof, that the appellant announced to divers persons that the article applied to the respondent was a reiteration and republication orally of the libelous matter set forth in the complaint as having been published in the appellant's newspaper. A careful examination of the complaint shows that there was no republication or reiteration of the

alleged libelous content of the publication as is charged in the complaint. The most that is alleged in the complaint with reference thereto is that an acknowledgment of the identity of the subject of the publication was made. This acknowledgment would not be actionable in and of itself. It necessarily relates back to the alleged publication of the libelous article contained in appellant's newspaper. This is the only actionable wrong charged in the complaint. It should be pointed out that the allegations of the complaint which allege the identity of the person who was the subject of the publication, are in the nature of a colloquium.

In the case of *Nash v. Sharper,* 229 S. C. 451, 93 S. E. (2d) 457, 459, Chief Justice Stukes, speaking for the Court, said:

"To support an action for a libel, the plaintiff's name need not be mentioned in the writing; it is sufficient that there is a description of, or reference to, him, by which he may be known. *Clark v. Creitzburgh,* 4 McCord 491.

"It may be pointed out that the allegations of the complaint, just referred to, are in the nature of colloquium, the common law necessity for which may be obviated in proper cases by compliance by the pleader with the terms of Section 10-676 of the Code of 1952, which follows:

" 'In an action for libel or slander it shall not be necessary to state in the complaint any extrinsic facts for the purpose of showing the application to the plaintiff of the defamatory matter out of which the cause of action arose but it shall be sufficient to state generally that the same was published or spoken concerning the plaintiff. If such allegation be controverted the plaintiff shall be bound to establish on the trial that it was so published or spoken.' "

The purpose of the enactment of Section 10-676, Code of 1952, was to relieve the pleader in libel cases from the rigid technical rules controlling them. It was necessary before the enactment of this statute, when the alleged libel did not specifically mention the name of the plaintiff, to state the

extrinsic facts leading to the conclusion that the defamatory matter was applied to him.

In the case of *Wilson v. Hamilton,* 9 Rich. 382, 43 S. C. Law 382, this Court said:

"When the defamatory paper shows clearly what is meant, and of whom it is written, it is unnecessary to allege new matter by way of inducement in the introductory part of the declaration; but where the paper is so ambiguous in its language that, from a perusal of it, the person alluded to cannot be ascertained, or where the libellous purpose is not manifest, a colloquium and averment are necessary to explain the meaning."

In the case of *Fonville v. McNease,* Dud. 303, 23 S. C. Law 303, 31 Am. Dec. 556, it appears that the defendant wrote a libelous letter directed to the plaintiff, or "Miss Susan Sloan", but that such letter came into the hands of the plaintiff himself, and after he had received it, and in the presence of the defendant, he made known the contents thereof, and the defendant being present, admitted authorship of such letter. The court, in holding that there was no publication of the alleged libel, except by the plaintiff himself, held that if in answer to the inquiry as made by the plaintiff, the defendant does no more than acknowledge that he authored the letter, no action can be brought for their acknowledgment. The party injured must sue for the words previously spoken and use the acknowledgment as proof that those words had been spoken.

Applying the principle of the *Fonville v. McNease case, supra,* no action for slander can be brought against the appellant for the acknowledgment made by its agents that the published article applied to the respondent. He can sue for damages for the alleged libelous article previously published and use the acknowledgment made as proof that such article applied to him.

It is our conclusion that the complaint states no cause of action for slander but only one for libel. This being

true, the motion as made by the appellant in the lower Court for separately stating the causes of action, was properly refused.

The Order appealed from is affirmed.

STUKES, C. J., and TAYLOR, OXNER *and* LEGGE, JJ., concur.