19150

David NEELEY, Respondent, v. WINN-DIXIE GREENVILLE, INC., Appellant
(178 S. E. (2d) 662)

*Messrs. Fulmer, Berry & Alford,* of Columbia, *Attorneys for Appellant,*

*Messrs. Lee and Ball,* and *J. Frank Hartman,* of Columbia, *for Respondent,*

January 12, 1971.

BUSSEY, Justice:

In this action for alleged libel the plaintiff-respondent obtained a verdict for damages in the amount of $10,000.00. The defendant-appellant appeals from an order denying its motion for judgment *non obstante veredicto* and in the alternative for either a new trial or a new trial *nisi.* It is elementary that in considering whether the defendant was entitled to a directed verdict, or subsequently to judgment *non obstante veredicto,* the evidence and all of the inferences reasonably deducible therefrom have to be viewed in the light most favorable to the plaintiff. We have reviewed the evidence in this light, but concluded that the lower court should have entered judgment in favor of the defendant, and such conclusion renders unnecessary consideration of various other questions raised on appeal.

Plaintiff, David A. Neeley, at the time of the trial had been a police officer in the City of Columbia for twenty-eight and a half years. In August 1967 he was on light duty, having suffered a coronary attack in 1953 and something of a recurrence in August 1967. He lived with his wife at 3125 Lindsay Street in the City of Columbia and traded from time to time with a Columbia store of the defendant where he was known, at least by sight, to Mr. Milladoun, the manager of the store.

In Columbia, or the vicinity thereof, lived a man named David W. Neeley, but if this person was any relation to the plaintiff, the record does not so reflect. In July 1967 David W. Neeley issued to the defendant at its Columbia store three different checks in the amount of $20.00 each, dated July 11th, July 27th, and July 29th, respectively, all drawn on State Bank and Trust Company of West Columbia. All three checks were returned by the bank marked "NSF". The check of July 11th gave the address of David W. Neeley as 1630 Taylor Street, but the other two checks did not bear any address. Just where the said David W. Neeley actually resided does not appear.

On August 12, 1967, the manager of the defendant caused a printed form letter to be addressed to the said David W. Neeley with reference to the checks of July 27th and 29th, having been returned because of NSF. Both the letter and the envelope in which it was contained were addressed to David W. Neeley, but at the address of the plaintiff David A. Neeley, to-wit: 3125 Lindsay Street, Columbia, S. C.

David W. Neeley did not live at such address and the checks referred to in the letter were the ones without any address for the writer. The letter was prepared by a bookkeeper who did not testify at the trial, and the record contains no clear explanation as to how the mistaken address was decided upon. At least inferentially, the bookkeeper obtained it from either a city directory or telephone book. Mr.

Milladoun, who signed the letter, testified that he knew David W. Neeley, as well as David A. Neeley, by sight; that he knew at the time that the checks had been written by David W. Neeley and not by David A. Neeley, and that the letter was not intended for the plaintiff David A. Neeley.

In a brief, the form letter advised David W. Neeley that the defendant was holding the two checks just above mentioned which had been returned by the bank because of NSF. He was requested to call by the store and handle the matter within seven days and advised that legal action would be taken to collect if he did not.

Upon the described letter to David W. Neeley being delivered to the address of the plaintiff David A. Neeley, it was opened and read by the wife of the plaintiff, who was authorized to open his mail, no other publication of said letter being alleged or relied upon. Plaintiff's wife, after reading the letter, delivered it to plaintiff who made no effort to contact the defendant, although we consider the evidence susceptible of no other reasonable inference than that both the plaintiff and his wife knew that the letter was not intended for the plaintiff and had been sent to his address through some mistake. According to his testimony, the plaintiff had never had a checking account or written a check in his life, and both he and his wife knew that he had not written the checks referred to in the letter.

The defendant not having heard from David W. Neeley or anyone else in response to its letter, turned all of the checks written by David W. Neeley over to then magistrate Frank Powell, and swore out warrants in connection with each. A constable for Magistrate Powell, Mr. Frank Hawkins, was a close personal friend and church brother of the plaintiff. David W. Neeley was also known to Mr. Hawkins. In addition to the warrants issued at the instance of the defendant, Mr. Hawkins had several other bad check warrants for David W. Neeley. Mr. Hawkins knew quite well that the plaintiff David A. Neeley had nothing to do

with any of the checks, but did not know how the address of the plaintiff became involved in the matter. He assumed that David W. Neeley was actually using the address of the plaintiff in connection with the issuance of checks, and, as a friend, went to the home of David A. Neeley to acquaint him with what was going on. Mr. Hawkins did not find the plaintiff at home but did talk with Mrs. Neeley. Her testimony as to what Mr. Hawknis told her is a bit vague and equivocating, but when her testimony is read in conjunction with the testimony of Mr. Hawkins, who testified for the plaintiff, and the testimony of plaintiff himself, we conclude that the evidence is susceptible of no other reasonable inference than that Hawkins went to the David A. Neeley home simply as a friend of a man whom he knew had no connection with the bad checks, to give his friend information, and did not go there for the purpose of arresting him or charging him with any wrong.

It is argued, *inter alia,* that the plaintiff was slandered by Mr. Hawkins in the course of his visit to plaintiff's home and that Hawkins was at the time acting for and in the interest of the defendant. The evidence simply does not support this argument. The complaint did not allege publication of any slander, and, moreover, the trial judge, without objection by the plaintiff, in the course of his charge instructed the jury, in effect, that liability of the defendant, if any, was predicated upon the alleged libelous letter alone.

Assuming, without deciding, that the content of the letter would have been libelous of the plaintiff David A. Neeley if written and published about or concerning him, he still has failed in two important particulars as to prove his asserted cause of action for libel.

The only publication relied upon is the alleged publication to the wife which, under the circumstances of this case, was not a publication which would support an action for libel. It was established that the wife had authority, at least partly because of the plaintiff's poor health, to open his mail, but

there is a total absence of any evidence from which it could be reasonably inferred that the defendant had any reason to know or believe that the wife of the plaintiff had any such authority.

We quote the following from 92 A.L.R. (2d) 227, § 5(a):

"Where the sender of libelous matter directed the material to the defamed only and was not reasonably charged with knowledge that a third person might 'intercept' and read the libelous matter before it reached the person allegedly defamed, it has been held that there was no publication of the libelous matter upon which a civil action for damages could be based."

In the case of *Riley v. Askin & Marine Co.,* 134 S. C. 198, 132 S. E. 584, the court quoted with approval from 18 A. & E. Ency. of Law (2d Ed.) 1017, the following:

"The sending of a libelous communication or libelous matter to the person defamed does not constitute an actionable publication, even though the matter does actually reach the hands of a third person, where this is not intended nor reasonably to be expected by the sender, but it is otherwise where the sender has reason to suppose that the matter so sent will reach the hands or be brought to the knowledge of a third person, or such a result naturally follows from the sending of the defamatory matter."

The opinion also contains the following quotation from 17 R. C. L. 317:

"Although sending a libelous letter through the mail to the person libeled, with no reason to suppose that it will be opened and read by any one else before he has received and read it, is not a publication which will support a civil action for libel, if the writer has good reason to believe that the letter is likely to be opened by an authorized person other than the addressee, the sending by mail is publication."

Under the foregoing principles even if the letter had been addressed to and intended for the plaintiff, rather than David W. Neeley, there being nothing to indi-

cate that the defendant had any reason to suppose that the form letter would be opened by the plaintiff's wife, or that such a result would naturally follow from the sending of the letter, there was no publication and no actionable libel.

We regard it as elementary that it is incumbent upon a complaining party, in an action for libel, to prove that he is the person with reference to whom the defamatory matter was written. The rule is well stated in 50 Am. Jur. (2d) 645, Libel and Slander, Sec. 143, as follows:

"Defendant's words are actionable only if they refer to some ascertained or ascertainable person, and to be entitled to recover, the plaintiff must show that he is the person with reference to whom the statement was made * * *. The language used must * * * be such that persons reading or hearing it will, in the light of surrounding circumstances, be able to understand that it refers to the person complaining, and it must have been so understood by at least one other person."

While the plaintiff alleged that the letter was written to the plaintiff and concerning the plaintiff, such allegation was expressly controverted in the answer of the defendant. The plaintiff, accordingly, was bound to establish on the trial that the letter was written to and published concerning him. Code Sec. 10-676, 1962 Code of Laws. The plaintiff has utterly failed to do so. To the contrary, the only reasonable inference from the evidence is that plaintiff himself, his wife and their friend, the magistrate's constable, as well, knew that the plaintiff had nothing to do with the checks, and that the letter was not written to or concerning the plaintiff.

The judgment below is reversed and the cause remanded for entry of judgment in favor of the defendant.

Reversed and remanded.

Moss, C. J., and Lewis, Brailsford and Littlejohn, JJ., concur.