## 20206

Donald W. KENDRICK, Appellant, v. CITIZENS AND SOUTHERN NATIONAL BANK, Respondent.

(223 S. E. (2d) 866)

*Messrs. Beale and Winter* of Columbia, *for Appellant,*

*Messrs. Robinson, McFadden, Moore & Pope* of Columbia, *for Respondent,*

April 8, 1976.

LEWIS, Chief Justice:

Plaintiff-appellant brought this action to recover damages allegedly sustained from slanderous and libelous statements made by an employee of the respondent, Citizens and Southern National Bank (Bank), in connection with the refusal of appellant to make good a dishonored check which had been endorsed by him and cashed at the Bank. This appeal is from an order of the lower court granting the Bank's motion for summary judgment in its favor, based upon the pleadings, deposition of appellant and affidavit and deposition of G. W. Sudyk, the Bank's branch manager. While the lower court based its judgment upon the grounds that the alleged spoken and written words were neither defamatory nor published, we reach only the issue of whether there was a publication. Since we agree that there was no publication of the alleged statements, assuming that they were defamatory, we affirm upon that ground. We largely follow the disposition of this issue in the order of the trial judge.

Mrs. Donald Kendrick, wife of appellant, received a check from a renter on February 16, 1975, in the amount of $181-.00, postdated as of February 28, 1975, payable to Mrs. Kendrick and drawn by the renter on the respondent Bank.

Appellant and his wife were longtime customers of the Bank and, at the time of the present transaction, were doing business with it at its James Island Branch, at which G. W. Sudyk was the manager. The business relations between appellant and his wife and the Bank had always been pleasant and satisfactory.

Though appellant and his wife had both open and savings accounts at the James Island Branch when the renter's check, endorsed by appellant and his wife, was presented on February 28, 1975, the check was not deposited in either of their accounts, but appellant asked and received cash.

When the check was presented, the teller did not make the customary investigation with the bookkeeping department to see whether the check was good but, because she recognized appellant as a good customer, the check was cashed for him. Appellant did not advise the teller that the check was postdated.

The check was not good because the renter's account, against which it was drawn, had been closed. Therefore, the teller, who had cashed the check, called appellant to ask that he make the check good by either bringing in the money or by authorizing it to be charged to his account. Appellant stated that he would like to talk to his lawyer about it and later called back to say that he would not reimburse the Bank for the amount of the check.

Subsequently Mr. Sudyk, the Manager of the Bank, also talked with appellant and asked him to reimburse the Bank, but he declined to do so. Thereupon, on March 25, 1975, after conferring with his superior, Mr. Sudyk called appellant and requested that he close his account with the Bank. On the same day, a letter was written by Mr. Sudyk to appellant, a copy of which was attached to the complaint, in which he again asked appellant to close his account.

Statements in the telephone conversation of March 25th between appellant and Mr. Sudyk and in the letter of Mr. Sudyk to appellant on the same date form the basis for the allegations of slander and libel. The statements complained of in the telephone conversation were "I want you to close your accounts . . . we do not want your kind of business." Complaint is made of the following statement in the letter: "This is to acknowledge our telephone conversation this morning concerning the check we cashed for you that was no good."

The discussion, out of which appellant claims the slander arose, was a telephone conversation between Mr. Sudyk, the Branch Manager, and appellant. There was no exten-

sion phone in appellant's home, so no one overheard the conversation there, and the testimony is susceptible of only the inference that no one overheard the conversation at the Bank. Appellant offered no testimony that anyone other than he and Mr. Sudyk heard the telephone conversation.

Since the conversation was between Mr. Sudyk and appellant and no one else heard it, there was no publication and, therefore, no actionable slander. Defamation is an injury to reputation and, in order to be actionable, there must be a publication to a third party, *Tucker v. Pure Oil Company of the Carolinas*, 191 S. C. 60, 3 S. E. (2d) 547.

Assuming however that the words were spoken within the hearing of a third party, there is nothing to indicate that such third party could have known that they were spoken concerning appellant. Publication includes proof that the complaining party was the person with reference to whom the defamatory matter was spoken. *Neeley v. Winn-Dixie Greenville, Inc.*, 255 S. C. 301, 178 S. E. (2d) 662.

The letter, in which the alleged libelous statement was made, was mailed by Mr. Sudyk to appellant at his correct address and was received and opened by him. Since there was no publication of the letter to any third person, there was no actionable libel. *Rodgers v. Wise*, 193 S. C. 5, 7 S. E. (2d) 517; *Watson v. Wannamaker*, 216 S. C. 295, 57 S. E. (2d) 477.

The facts conclusively showed that there was no publication of the alleged defamatory matter, and the trial judge properly granted the motion for summary judgment in favor of the Bank.

The judgment is accordingly affirmed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.