12675

McCLAIN v. RELIANCE LIFE INS. CO. OF PITTSBURGH, PA.

(148 S. E., 478)

460

462

466

468

469

*Messrs. Edward L. Craig,* and *Herbert E. Gyles,* for appellant,

*Messrs. Williams, Croft & Busbee,* for respondent,

June 8, 1929.

The opinion of the Court was delivered by MR. ACTING JUSTICE C. T. GRAYDON.

This was an action by the plaintiff, Gary T. McClain, against the defendant, Reliance Life Insurance Company of Pittsburgh, Pa., for an alleged libel based upon a letter set forth in the complaint reported herein. The plaintiff alleged in part that he was a rural mail carrier in the employ of the United States government, and that the defendant, acting through its agent, one Anderson Sibley, wrote and published the letter in question to C. C. Chance, the postmaster at Jackson, S. C., under whom it is admitted the plaintiff was working at the time of the alleged publication.

According to the testimony, the plaintiff was approached by Anderson Sibley and one Clark with reference to the taking out of a certain insurance policy with the defendant company, and, according to the contention of the plaintiff, the type of policy which was delivered, and for which his note and check were given, was entirely different from the type of policy which it was represented to him that he would receive. The note, and later a check for one-half of the amount of the note, were given, and since the policy was not in accordance with the representation made at the time of the taking of the application, according to plaintiff, he returned the policy to the agent of the defendant company. According to the testimony of the defendant's witnesses, the policy delivered was the policy ordered by the plaintiff, but was found by the plaintiff to exceed his requirements, and therefore was returned for the purpose of exchanging it for a smaller policy. These transactions with reference to the policy and the application all occurred in June of 1925, and the note was given, admittedly, in June, 1925, to be due in August, 1925. The check in question was given on October 3, 1925, and is marked "one-half of note due September 5, 1925." It will be seen that the note had evidently been extended to September 5, 1925. On October 10, 1925, Sibley attached the check to a draft on the Bank of Western Carolina at Aiken, S. C., upon which the check had been drawn. This check and draft were returned by the Aiken Bank soon

thereafter unpaid. On October 19, 1925, a short time after the draft was returned, Sibley wrote the postmaster at Jackson upon the stationery of the defendant company, which stationery carried his name as general agent, about the account in question, claiming that the same had not been paid. This letter was referred by the postmaster to McClain, the plaintiff, for an explanation. On October 22, 1925, McClain wrote the postmaster a letter in which he gave his side of the controversy, which letter was transmitted by the postmaster to Sibley. Then followed on October 24, 1925, the letter which forms the basis of this libel action. On October 7, 1925, McClain, the plaintiff, had been notified that his policy was null and void on account of failure to pay the premium and on December 16, 1925, a telegram was sent by the defendant company to the effect that the policy was void; the first premium never having been paid. On June 3, 1926, a letter was sent to the plaintiff's attorneys, stating that the premium on the policy had never been paid. The above facts are necessary to a full understanding of the case.

The exceptions are thirteen in number, but a single question is covered by more than one exception, and only the question raised will be discussed.

The first question, covered by exceptions 1 and 2, alleges error on the part of the Circuit Judge in admitting the letter in question and in refusing to strike the same out, on the ground that the same was not the act of the defendant company, and that Sibley in the writing and the publishing of the letter was not acting within the scope of his authority as an agent of the defendant company. Agency was a question of fact in this case, and there was ample evidence to go to the jury if the jury believed it, namely, that Sibley was acting at the time mentioned within the scope of his authority as an agent of the defendant company. Sibley was designated as general agent on defendant's stationery; he signed the letters in question upon the stationery of the defendant as general agent; admittedly, he

solicited the insurance in question, took the note for the premium, took the check in part payment of the note, and wrote the letter in question while attending to the general business of the defendant company. This conclusion is heightened by the fact that the company denied ever having received the money from Sibley, although he claimed in his letters that he, and not the company, was the financial loser by the transaction. These facts made it an issue for the jury to determine, under proper instructions from the Court, whether at the time Sibley was the agent of the defendant company, and whether or not he was acting within the scope of his authority as such agent. Had there been no conflicting evidence in the case, the question of agency might have been resolved into a question of law; but the testimony was conflicting, and there was ample evidence to sustain the finding of the jury on the question. *Hypes v. Southern Railway Co.*, 82 S. C., 315, 64 S. E., 395, 21 L. R. A. (N. S.), 873, 17 Ann. Cas., 620; *Mann v. Life & Casualty Ins. Co.*, 132 S. C., 193, 129 S. E., 79.

Exceptions 3, 4, and 5 allege error on the part of the Circuit Judge in failing to declare the letter not to be libelous *per se* and in leaving to the jury the question of the character of the letter. It has been held by this Court that, where the words written or spoken are libelous or slanderous *per se,* it is the duty of the Judge to so declare and leave the other issues in the case to the jury. It has further been held that, where the words written or spoken are susceptible of more than one meaning, it is proper for the Circuit Judge to leave it to the jury as to whether the meaning is defamatory or innocent, taking into consideration all of the circumstances surrounding the entire transaction. *Williamson v. Askin & Marine Co.*, 138 S. C., 47, 136 S. E., 21; *Black v. State Co.*, 93 S. C., 467, 77 S. E., 51, Ann. Cas., 1914-C, 989.

The rulings of the Circuit Judge in this respect were more favorable to the appellant than it was entitled to. The words

written in effect charged the plaintiff with dishonesty, failure to keep his word, and with false representations; such charges are libelous *per se,* for they not only imply dishonesty and unfair dealing, but they actually charged the plaintiff with false representation and fraud in connection with the transaction. *Hubbard v. Furman University,* 76 S. C., 513, 57 S. E., 478; *Riley v. Askin & Marine Co.,* 134 S. C., 198, 132 S. E., 584, 46 A. L. R., 558.

The sixth exception complains of error in the Circuit Judge in not holding that the communication of Sibley was privileged under the circumstances and that Sibley was acting in good faith and without malice in writing the letter. The exception cannot be sustained for the reason that Sibley wrote the letter to the person upon whom it was calculated to exert the greatest influence, to wit, the immediate superior of the plaintiff. He wrote the letter immediately after receiving the letter of the plaintiff in which the plaintiff set forth his side of the transaction, denied by Sibley, at a time when he was, to use his own expression, "riled." He wrote the letter to the postmaster with the avowed purpose of forcing the plaintiff in this case to pay the debt and that he be reprimanded, suspended, or discharged by the government. The question of malice was one for the jury and was properly submitted to the jury.

The seventh and eighth exceptions of the appellant have reference to the introduction of certain letters and a telegram concerning the transaction. The defendant, by its answer, pleaded justification on the part of Sibley in the writing and publishing of the letter in question. It was the duty of the trial Judge to send to the jury all matters relative to the transaction and relevant to the issue. These letters and this telegram were all a part of the correspondence between the defendant, Sibley, Chance, the postmaster, and the plaintiff, and there was no error in their admission.

The ninth exception complains of error in permitting the son of the postmaster to testify, over the objection of the defendant's attorney, that he read the letter in the post office where he was a clerk. This exception is without merit, for the reason that the sending of the letter to the postmaster was publication thereof; and the above testimony was competent to show that the letter had come to the notice of others. In passing it will be noted that the letter in question was sent to C. C. Chance, postmaster, and was not marked confidential or personal. The agent of the defendant should have known that the letter would be opened by any official in the post office, inasmuch as it was sent to the head of the office in his official capacity and not simply to Chance personally. It concerned the defendant's business with Chance as postmaster in connection with a matter subject to his authority as postmaster.

Exception 10 complains of the ruling of the presiding Judge with reference to Sibley's dictation of the letter to the stenographer. The trial Judge allowed this evidence in for what it was worth, and no attempt was made by the plaintiff to claim the publication through this source. This question bore also on the fact as to whether or not Sibley was acting as agent for the Reliance Life Insurance Company. There was no error in the Circuit Judge allowing this testimony.

The eleventh exception complains that the trial Judge charged one of the plaintiff's requests, but, considering the entire charge the Judge gave a correct and fair statement of the issues before the Court and gave the jury a correct guide to reach a conclusion. And there was no error in charging this request.

The twelfth exception complains of the refusal to charge two specific propositions requested by the defendant. Both were properly refused by the Circuit Judge. The law is, in an action of libel or slander, that humiliation, wounded feelings, injury to reputation, and many

other elements, are a proper basis for damages, and the Judge fully covered those elements in his charge. The request of the defendant was too limited in its scope. The second request complained of was clearly a charge upon the facts.

The thirteenth exception alleges error in the refusal of the trial Judge to grant a new trial. This is a matter which is within the discretion of the trial Judge, and, unless there is some error of law, will not be disturbed by this Court. There was ample evidence to sustain the verdict, and the trial Judge properly refused to grant a new trial.

All exceptions are overruled, and the judgment of the lower Court is affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE, STABLER, and CARTER concur.

MR. CHIEF JUSTICE WATTS did not participate.