## 13051

NORMAN, BY GUARDIAN, v. STEVENSON THEATRES, INC., *ET AL.*

(156 S. E., 357)

February, 1930.

*Messrs. Sawyer & Sawyer,* for appellant,

*Messrs. J. R. Flynn* and *Hughes & Russell,* for respond-
ent,

January 2, 1931.

The opinion of the Court was delivered by Mr. Justice Stabler.

This is an action for damages based on alleged libel and slander. The complaint sets forth:

That the defendant Stevenson Theatres, Inc., owns and operates a moving picture theater in the city of Union, S. C., one of its many throughout the country, with the defendant Chastaine as its manager. That the plaintiff, a minor above the age of fourteen years, was also, at the times alleged, in the employment of the defendant corporation as its cashier at that place, and that she worked under the direction and control of its manager and agent, the defendant Chastaine.

"That on or about the 27th day of April, 1929; the defendants, with intent to injure plaintiff in her good name and character and with the further intent to injure her in securing other employment, did wantonly, wilfully and maliciously subject her to the ridicule and contempt of all the world by uttering, advertising and publishing in the Union *Daily Times* the following malicious, libelous and defamatory words of and concerning the plaintiff—

" 'To Whom It May Concern—It is the desire of the proprietors of the Stevenson Theatre, Union, S. C., that all em-

ployees pay cash for any and all purchases of every description for both personal and theatre use. Therefore, please take notice that this company will not become responsible for any debts incurred by anyone whether connected with this theatre or not, unless such merchant or person shall have written authority from the proprietors to establish a credit account. Anyone selling on credit to this theatre, or its employees, does so at their own risk. We have every confidence in our employees, but we wish to make our position clear. Dick Chastaine, Manager, Stevenson Theatres, Inc., Proprietors, Henderson, N. C.'

"That the publication and circulation of the above-described language was meant and intended to refer to the plaintiff, as defendants so stated or inferred; that such statement was so understood to refer to the plaintiff by various and sundry persons in and around the City of Union, South Carolina and the surrounding country; that the said defamation of plaintiff was published by the defendant Stevenson Theatres, Inc., and Dick Chastaine with the willful and malicious intent of charging the plaintiff with such an utter disregard in paying her obligations that her creditors in great numbers were forced to request her employer to pay such debts; that such said statement was published and circulated with the further willful and malicious intent and object of imputing to the plaintiff the crime of obtaining goods by falsely and dishonestly representing sundry persons that she was purchasing merchandise for the defendants, such imputation being untrue and absolutely unfounded; and that the said publication and circulation of the aforesaid defamatory statement was so understood by divers and sundry persons in the City of Union and surrounding territory, all to the great damage and injury of the plaintiff and her character and reputation.

"That such aforesaid defamatory statements and publication, both direct and by way of innuendo, were without reasonable or probable cause; that the same were false and

were known to be false by the defendants; and that the same were issued, uttered and published wantonly, willfully and maliciously, all to the great shame, embarrassment and injury of the plaintiff in her character and reputation."

Damages were asked for in the sum of $20,000.

The defendants, answering, admitted that the Stevenson Theatres, Inc., owned and operated a moving picture theater at Union, that the defendant Chastaine was in the employ of his codefendant as its manager at that place, and that the plaintiff also was employed there as its cashier, and that a notice similar to that alleged in the complaint "was published in the Union *Daily Times,* Union, S. C., concurrently with similar notices at other towns, in which defendant, Stevenson Theatres, Inc., operated theatres, as a general policy of the company to buy for cash and effect the saving incident to purchasing," but denied all other allegations of the complaint.

The case was tried at the February, 1930, term of the Court of Common Pleas for Union County, and resulted in a verdict for the plaintiff for $1,500 actual damages. The defendants' motions for a directed verdict and for a new trial were overruled by the Court, and from judgment entered in the case this appeal is taken.

The exceptions are many; but appellant's counsel, for the purpose of his argument, has very properly grouped them under four general heads of assigned error: (1) Error in ruling on the admission and rejection of evidence; (2) error in refusing motion for a directed verdict; (3) error in charge to the jury; and (4) error in refusing motion for a new trial. In our consideration of the appeal, we will adopt and follow this general grouping.

We shall consider, first, the exceptions which allege error in the admission or rejection of evidence. When the plaintiff was on the stand, her counsel asked her to what she attributed her failure to procure other employment, and she answered, "To this statement." Counsel for

the defendants objected, but stated no grounds, whereupon the Court remarked that the witness could testify as to what she did, but that the jury alone could draw conclusions. While there is nothing for this Court to consider, no grounds of objection having been stated at the trial, the ruling of the trial Judge was all that the appellants could have demanded under proper objection. The witness was also asked whether she knew that the published notice had been applied to her specifically and personally in the city of Union, to which she answered, "Yes." Counsel for appellants thereupon suggested that such knowledge would depend on hearsay on her part. While counsel did not interpose any formal objection to the testimony or move to strike out the answer, which he should have done if he regarded it as being objectionable, the Court correctly ruled that the witness could testify as to whether she knew as a matter of fact that such intelligence had reached others. Her counsel also asked her this question: "You were sorter made the butt of the joke." Appellants objected, but stated no grounds, the witness did not answer, and the Court made no ruling. Hence the assignment of error cannot be considered.

On direct examination, the plaintiff testified to a conversation which she had with the defendant Chastaine, after the notice was published in the newspaper. She stated that she charged him with having told the operator and door boy that the notice was not intended to refer to them, and that he made no denial. On cross-examination she was asked whether she heard Chastaine tell the other boys that it did not apply to them, to which she answered, "No, sir, but the other boys told me." Defendants' counsel then moved to strike out the answer. The Court ruled that standing alone it was incompetent, but that, if it was a part of a conversation had with Chastaine, about which the witness had already testified, it would be competent. No ground was stated for the motion to strike out the answer, but, waiving this, we find no error in the Court's ruling.

When the defendant Chastaine was being cross-examined, the following occurred:

"Q. In other words, they were attempting to see that nobody—published it to the world in attempting to tell the merchants here in a way not to let the employees of Stevenson Theatre have anything except for cash? A. That is left for your own conclusion, sir.

"Q. It is left for the jury's conclusion, not mine. A. I beg your pardon.

"Mr. Sawyer: It is for the Court to construe a writing.

"The Court: The question here is the question of purpose.

"Mr. Sawyer: It isn't for the witness, anyway."

The appellants contend that, as it was the Court's duty to construe the writing, it was error to allow plaintiff's attorney to pursue this line of examination. It is to be observed that there was no formal objection to any question asked or any ruling by the Court except the suggestion that the question was one of purpose. The exceptions, therefore, do not present anything for our consideration.

The defendants also allege that the trial Court erred in allowing plaintiff's attorney, in his cross-examination of the witness Stevenson, to question him as to whether the plaintiff had been mistreated by the manager, and whether he (the witness) would have accorded her similar treatment if he had been the manager. Counsel for defendants objected to the last question as being incompetent and irrelevant, whereupon plaintiff's counsel withdrew it, with this remark: "All right, if you don't care to answer it I won't press it." The Court made no ruling on the objection, except to state that the question was withdrawn. Although the remark of plaintiff's counsel, in his withdrawal of the question, was improper, we do not think this Court should reverse the judgment and order a new trial for the reasons argued by the appellants, especially as the Court indicated to the jury that the objectionable question had been withdrawn.

Under their second general assignment of error, the appellants complain of the refusal of the Circuit Judge to direct a verdict in their favor. The exceptions raising this question, nine in number, purport to state the several grounds upon which the motion was made. An examination of the record, however, does not disclose that these specific grounds were passed upon by the trial Judge. The following appears therein:

"At the conclusion of all the testimony, the jury was directed to retire, whereupon the attorney for the defendants moved for a directed verdict in favor of the defendants. The stenographer's transcript reporting as follows:

"Mr. Sawyer: Your Honor please, I believe I am entitled to a directed verdict in favor of the defendants, and I submit the motion for that purpose.

"'Note: In support of the motion, and without stating specific grounds for the stenographer to take, counsel quoted from the following cases: *Riley v. Askin & Marine Co.,* 134 S. C., 204, 132 S. E., 584, 46 A. L. R., 558; *Murphy v. News & Courier Company,* 141 S. C., 54, 55, 139 S. E., 189; *McGregor v. State Company,* 114 S. C., 48, 103 S. E., 84; *Oliveros v. Henderson,* 116 S. C., 85, 106 S. E., 855; *Prickett v. W. U. Tel. Co.,* 134 S. C., 279, 280, 132 S. E., 587; *Bell v. Clinton Oil Mill et al.,* 129 S. C., 242, 124 S. E., 7; *Hubbard v. Furman Univ.,* 76 S. C., 510, 57 S. E., 478; Odger on Libel and Slander: R. C. L.'

"As the grounds upon which he based said motion counsel read from the above-named authorities."

The rule of law is well established that a party moving for a directed verdict or a nonsuit must state the specific grounds upon which he relies; and only such grounds, appearing from the record, as are made the basis of the motion in the Court below will be considered on appeal to this Court. *Wilson v. Kearse,* 145 S. C., 155, 143 S. E. 15. Aside from this, however, we may say that we have examined the testimony very carefully and are of opinion

that under the evidence the case was properly submitted to the jury.

With regard to their third group of exceptions, the ██ ██ appellants complain that the Court erred (1) in submitting to the jury for their determination the question whether or not, under all the extrinsic circumstances and facts disclosed by the testimony, the published notice was libelous; (2) in charging the plaintiff's first and second requests, which embodied the propositions that, if a publication is libelous per se it implies malice, the burden being cast upon the defendant to disprove it, and that where words, written or spoken, are susceptible of more than one meaning, it is for the jury to say whether such meaning is innocent or defamatory; and (3) in failing to charge the defendants' fifth, sixth, and seventh requests.

As to 1 and 2 there was no error. The language of the published notice, considered in the light of all the extrinsic facts and circumstances as testified to, was susceptible of more than one meaning, and whether the meaning was intended by the utterer to be innocent or defamatory was a question for the jury.

In *McClain v. Insurance Company,* 150 S. C., 459, 148 S. E., 478, 483, the Court said:

"Exceptions 3, 4, and 5 allege error on the part of the Circuit Judge in failing to declare the letter not to be libelous *per se* and in leaving to the jury the question of the character of the letter. It has been held by this Court that, where the words written or spoken are libelous or slanderous *per se,* it is the duty of the Judge to so declare and leave the other issues in the case to the jury. It has further been held that, where the words written or spoken are susceptible of more than one meaning, it is proper for the Circuit Judge to leave it to the jury as to whether the meaning is defamatory or innocent, taking into consideration all of the circumstances surrounding the entire transaction. *Williamson v. Askin & Marine Co.,* 138 S. C., 47, 136 S. E., 21; *Black v.*

*State Co.,* 93 S. C., 467, 77 S. E., 51, Ann. Cas., 1914-C, 989."

As to 3, the record does not disclose that the Court ■ refused to charge the appellant's fifth, sixth, and seventh requests—he apparently overlooked them. At the close of the charge, he asked counsel if there was anything further, to which no response was made. If counsel especially desired that these requests be charged, he should at that time have called the Court's attention to the omission. Having failed to do so, appellants cannot now complain. *Livingston v. Reid & Company,* 117 S. C., 391, 109 S. E., 106.

What we have already said disposes of the fourth ■ ■ group of exceptions, which allege error on the part of the trial Judge in refusing the motion for a new trial except the assignment of error for failure to grant a new trial *nisi* on the ground that the verdict was grossly excessive. The granting of a new trial on this ground is a matter peculiarly in the discretion of the trial Judge; and, unless the verdict is wholly unsupported by evidence, or is so excessive as to justify the inference that it is the result of caprice, passion, or prejudice—none of which appears in the present case—this Court cannot interfere. See *Brewer v. Railway Company,* 149 S. C., 454, 147 S. E., 596 and cases cited there.

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE, and CARTER and MR. ACTING ASSOCIATE JUSTICE JOHN I. COSGROVE concur.