13664

ROWELL v. JOHNSON *ET AL.*

(170 S. E., 151)

*Messrs. Willcox, Hardee & Wallace,* for appellant,

*Messrs. P. H. McEachin* and *W. M. Bridges,* for respondent,

July 12, 1933.

The opinion of the Court was delivered by MR. JUSTICE
STABLER.

Action for $3,000.00 damages on account of alleged
slanderous words spoken of and concerning the plaintiff by
an employee of the defendant company, at the instance of its
manager. The delict charged is set out in the complaint as
follows:

"That on or about October 7, 1931, the plaintiff, Louise
Rowell, was, and had been for some time previous thereto,
as aforesaid, employed by the defendant, Kress & Company,
in the capacity of clerk in one of the places of business of
the said corporation, in the City of Florence; and in the
afternoon of said day, the defendant, Kress & Company,
through one of its employees, Miss Love, at the instance and
by the orders of the defendant, H. H. Johnson, said to and
of her, Louise Rowell, in the presence and hearing of divers
persons therein 'Miss Rowell, you are short in your register
to the extent of $5.25, and you need not return in the morn-
ing for work, but you are discharged and need not return.'
That this statement was made by Miss Love in the presence
of others, and she was instructed by H. H. Johnson to trans-
mit such message to the plaintiff, Louise Rowell; that when
Miss Love transmitted this message at the request of H. H.
Johnson to the plaintiff herein, she made announcement of
the message in the presence of one Miss Dawkins.

"That the said defendant, by said language and conduct
meant to charge and did charge the plaintiff, Louise Rowell,
with the crime of stealing the money of Kress & Company,
the said corporation, and that said language and conduct
were so understood by those who were present and heard the
said language, and that the charge so made by the defendant
was false, malicious and slanderous; that the defendants
then and there by means of said language and conduct intim-
idated plaintiff, and humiliated and embarrassed her by said
false charges and conduct."

The company, referred to as the defendant, answering, denied that the words charged were spoken; and alleged as a further defense:

"That in such communication as occurred between Miss Lucile Love and plaintiff at the time mentioned in the complaint, Miss Love had an interest or duty in connection with that communication, and plaintiff had also a corresponding interest or duty.

"That such statement as was made by Miss Lucile Love to plaintiff at the time mentioned in the complaint was made in protection of that interest and in the performance of a duty and that the said Miss Lucile Love believed the truth of such statement as she made and that neither Miss Lucile Love nor Mr. H. H. Johnson was actuated by malice, and, therefore, that the communication was privileged, and not sufficient to give rise to a cause of action for slander."

The company also unsuccessfully sought, by oral demurrer, the dismissal of the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The case was tried in the Civil Court of Florence, on October 27, 1932, before Judge Sharkey and a jury. Motions for a nonsuit and a directed verdict were made and refused, and the jury found for the plaintiff $2,000.00. The company appealed.

We think the demurrer was properly overruled. Even if the words used did not convey in themselves the meaning that respondent would assign to them, the extrinsic circumstances pleaded, coupled with such words, rendered them actionable. One of the alleged duties of plaintiff, as a clerk, was to register the amounts of money taken in by her, and this she had been doing over a period of time. Shortly after she received "steady employment," she was charged by the defendant's agent, in the presence of others, with being short to the extent of $5.25 and, in the same connection, was advised that she was discharged. In these circumstances, we think the words used would naturally be

understood to carry with them the imputation or accusation of a criminal act on the part of the person to whom they were directed.

Nor do we think that the trial Judge committed error in his refusal to direct a verdict upon the grounds that the alleged defamatory words were not actionable *per se* in that they charged no crime, and that no special damages were either alleged or proved. The position of the appellant is that, as a cash register is no more accurate than the operator of it, the defendant merely charged the plaintiff, by the language used, with carelessness or inefficiency.

In Odgers on Libel and Slander (1st Am. Ed.), 116, we find: "It is not necessary that the defendant should, in so many words, expressly state the plaintiff has committed a particular crime. * * * Any words which distinctly assume or imply the plaintiff's guilt, or raise a strong suspicion of it in the minds of the hearers, are sufficient."

In *Davis v. Johnston,* 2 Bailey, 579, the Court said: "The rule in verbal slander, as to the construction of words, is, that they are to be understood in their ordinary and popular meaning. If words are susceptible of two meanings, one imputing a crime, and the other innocent, the latter is not to be adopted, and the other rejected, as a matter of course. In such a case, it must be left to the jury to decide in what sense the defendant used them."

In the case at bar, a review of the testimony at length is unnecessary. It tended to show that the plaintiff had been working in the defendant's store at Florence for some time, and that she had had considerable experience in the operation of cash registers; that her work had been satisfactory, that no complaints had been made, and that she had been advanced from temporary to steady employment; that at least one other regular clerk, and possibly others, had access to the register used by her; and that while errors are sometimes made, the shortage charged in this case was large and most unusual. While it is true that the jury might have in-

ferred that the defendant only intended to charge the plaintiff with being careless or inefficient, it was also clearly inferable from the words spoken, in the light of all the circumstances, that the plaintiff was guilty of a crime involving moral turpitude. As stated in *Turner v. Montgomery Ward & Co.,* 165 S. C., 253, 163 S. E., 796, 799, "viewed from any angle, we think the trial Judge properly submitted this question to the jury, and they having found [by their verdict] that the defendants' language charged plaintiff with the commission of a crime, it was actionable *per se,* and there was no necessity for any allegation or proof of special damages."

The appellant also contends that its motion for a directed verdict should have been granted on·the ground that the occasion upon which the words were spoken was a qualifiedly privileged one. This Court in several recent decisions has considered and discussed the question of qualified privilege. See *Switzer v. Express Company,* 119 S. C., 237, 112 S. E., 110, 26 A. L. R., 819; *Duncan v. Record Pub. Co.,* 145 S. C., 196, 143 S. E., 31; *Fitchette v. Sumter Hardwood Company,* 145 S. C., 53, 142 S. E., 828; *Turner v. Montgomery Ward & Company,* 165 S. C., 253, 163 S. E., 796; *Bosdell v. Dixie Stores,* 168 S. C., 520, 167 S. E., 834.

In Newell on Slander and Libel (4th Ed.), 418, the writer says: "But it must be remembered that although the occasion may be privileged, it is not every communication made on such occasion that is privileged. It is not enough to have an interest or duty in making a communication; the interest or duty must be shown to exist in making the communication complained of. A communication which goes beyond the occasion exceeds the privilege."

In 36 C. J., 1248, we find: "The protection of the privilege may be lost by the manner of its exercise, although the belief in the truth of the charge exists. The privilege does not protect any unnecessary defamation. In order for a communication to be privileged, the party making it must be

careful to go no farther than his interests or his duties require."

In the case before us we think that there was some evidence to go to the jury on the question of actual malice and whether the language used went further than the occasion required. In view of the circumstances under which the alleged words were spoken—the place and the situation of the parties—the jury might have properly concluded that the defense of qualified privilege was not sustained.

In this connection, the appellant argues that the Court committed error "in charging that the burden was on the defendant to make out the defense of privileged communication." The contention is that the occasion was a qualifiedly privileged one, and that the burden was on the plaintiff to show that the defendant, in speaking the words alleged to have been spoken, was actuated by express malice. We do not think there was error. The jury was told, in substance and effect, that the plaintiff, in order to recover, was required to prove by the greater weight of the evidence her allegation that the words spoken were actuated by malice on the part of the defendant.

Complaint is also made of the Court's refusal to direct a verdict on the ground that the testimony showed that there was no malice and that the words spoken were true. What we have already said disposes of the question of malice. As to the truth of the alleged spoken words, the plaintiff testified that she had no personal knowledge of the shortage and that she knew it to be true only from what Miss Love told her. However, the truth of the fact of a shortage was not in issue; the question was made as to the slanderous application of that fact, if fact it was, to the plaintiff by the defendant as alleged in the complaint.

When the plaintiff was on the stand, in response to questions of counsel, she testified that the charge made had embarrassed and humiliated her; and in the

same connection stated, over defendant's objection, "I just felt like I was being accused of stealing."

Counsel for appellant make the point that the admission of this testimony was prejudicial to the defendant, for the reason that it was for the jury to say, and not the witness, what the language meant. We do not think, when all that was testified to in this connection is considered together, that there was error. The statement made by the plaintiff, that she felt like she was being accused of stealing, disclosed the reason, we think, for her embarrassment and humiliation, about which she had just testified, and was not intended as an expression of opinion by her upon a fact properly determinable by the jury from the testimony.

The judgment of the trial Court is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM concur.