14246

MERRITT v. GREAT ATLANTIC & PACIFIC TEA CO.

(184 S. E., 145)

*Messrs. Price & Poag,* for appellant,

*Messrs. J. Robt. Martin* and *J. Robt. Martin, Jr.,* for respondent,

March 4, 1936.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

This is an action for damages for slander. The complaint alleges that the plaintiff bought a sack of flour at one of the defendant's stores, and when he left with the flour a clerk of the defendant followed him to another store and there accused him of stealing the flour by publicly uttering the words "you got to come and show the clerk you bought the sack of flour from," meaning thereby that he had stolen the flour,

which caused him much embarrassment, humiliation, worry, and injury, to his damage in the sum of $3,000.00. The testimony discloses that the plaintiff, a boy of fifteen years of age, bought a sack of flour at one of defendant's stores and carried it unwrapped to another store nearby where his father worked. Boyd, a clerk for the defendant, seeing the plaintiff leaving the store with the unwrapped package, asked him from whom he bought it, and he indicated a clerk in the rear of the store, and when the clerk whom Boyd thought the plaintiff had indicated denied that he had sold the flour, Boyd followed the plaintiff to the store to which he had gone and there spoke the words complained of in the presence of the plaintiff and his father; and they testify that, in addition, he expressly charged the plaintiff with stealing the flour. The plaintiff returned with Boyd to defendant's store, there identified the clerk from whom he bought the flour, who acknowledged the sale; plaintiff returned the flour, secured a refund of his money, left, and soon thereafter brought this action, which resulted in a verdict for him for $500.00 punitive damages, from which the defendant appeals on ten exceptions.

The first and third exceptions are to remarks of ██ plaintiff's counsel made in cross examination and argument. In the cross examination of the defendant's witness, Boyd, plaintiff's counsel said to him "be frank," to which defendant's counsel objected as an intimation that the witness was not frank, and therefore improper. The Court did not rule on the objection. In his argument plaintiff's counsel said that the defendant was a foreign corporation, and if the suit had been for more than $3,000.00 it would have been removed to the Federal Court where it would not have been worth two cents, and appealed to the jury to give a verdict against "this foreign corporation." At the conclusion of the argument, defendant's counsel objected to the statement and asked the Court to reprimand plaintiff's counsel for making it, and the Court said that it would charge the jury that it should not be influenced by the fact

that defendant was a foreign corporation, and did charge that they were not to try the case on account of bias, prejudice, or sympathy for or against either party. Both statements were improper, and the Court should have reprimanded counsel and instructed the jury to disregard them, but the exception to the statement of the witness is not well taken, for the Court did not rule on the objection (*White v. Southern Ry. Co.*, 142 S. C., 284, 140 S. E., 560, 57 A. L. R., 634), and the statement made in argument told the jury only what they had heard when the pleadings were read and knew as a matter of law, and the charge was sufficient to remove any bias, prejudice, or sympathy created by the statement. The regulation of matters of this kind that occur in the course of the trial are within the discretion of the trial Judge, and here no abuse of that discretion sufficient to warrant a reversal is shown.

The fourth exception is to the charge that one cannot by a question invite a slanderous remark and then bring a suit for the slander, the alleged error being that the charge was not responsive to any issue and was prejudicial. The plaintiff and his father testified that the clerk, in answer to a question by the father, said, speaking to the plaintiff, "you just stole it," and, to the father, "he stole a sack of flour," and the plaintiff presumably requested the charge to explain why the complaint was on a statement the meaning of which must be explained by innuendo and not on the direct charge of larceny. It was a correct statement of law (*Boling v. Clinton Cotton Mills*, 163 S. C., 13, 161 S. E., 195), and was responsive to an issue.

The fifth exception is to the charge that two cases cannot be tried together without the consent of the parties, and that the only reason evidence of another case was admitted was on the question of how it may affect the witness, the alleged error being that the charge was confusing and improper, as defendant had a right to bring out the facts of another suit growing out of the same transaction to show the interest and bias of the plaintiff and his

father. On cross examination of them, it was shown that another suit by plaintiff against the defendant for damages for an alleged false arrest arising out of the same transaction was pending. The evidence was admitted for the purpose for which it was offered, and the Court so instructed the jury, and it could not have been confused by the charge.

The sixth exception is to the charge that social standing and all the circumstances may be considered, as these factors may indicate the weight which may be attached to defendant's words and power or lack of power to inflict injury by the words alleged to have been spoken, and the alleged error being that the suit was against a corporation and the social standing and position of its agent charged with uttering the slander would have no application. The charge does not indicate whether it has reference to the plaintiff's or defendant's social standing, and if counsel disired a more definite charge or a modification of the charge, he should have requested it. If referable to plaintiff's social standing, the charge was correct (*McClain v. Reliance Life Ins. Co.*, 150 S. C., 459, 148 S. E., 478; *Sheriff v. Cartee*, 121 S. C., 143, 113 S. E., 579); if to defendant's, it was harmless.

The second, eighth, ninth, and tenth exceptions make substantially the same question, and will, therefore, be considered together. The second is to the refusal to grant the motion for directed verdict on the ground that there was no proof of damages, the alleged error being that the words alleged were not actionable *per se,* as they were susceptible of two inferences, and it was necessary to prove the meaning attributed to them by the plaintiff and damages resulting therefrom. The seventh is to the refusal to charge that the complaint did not allege a slander *per se* but one *per quod,* and leaving it to the jury to say whether it was *per se* or *per quod,* the alleged error being that it was the duty of the Court to declare as a matter of law whether the words alleged were slanderous *per se* or *per quod.* The eighth is to the refusal to grant a new trial on the ground that there was

no proof of actual damages, the alleged error being that proof of actual damages was required. The ninth was to the refusal to grant a new trial on the ground that the verdict for punitive damages could not stand in the absence of proof of actual damages. The tenth was to the refusal to grant a new trial on the ground that it was the duty of the Court to say as a matter of law whether the words spoken were slanderous *per se* or *per quod,* and not a question for the jury. The words here alleged to have been spoken were susceptible of two meanings, one defamatory, the other innocent. Boyd, who spoke them, said his primary purpose was to ask the plaintiff to come and point out the exact clerk from whom he bought the flour, and, in answer to the question whether he did not think there was a question whether the plaintiff had bought the flour or picked it up and walked out with it, that he thought the question was answered by the fact that the clerk from whom the plaintiff said he bought the flour denied selling it, and the plaintiff and his father said that he explained the meaning of the words to them by making the direct charge of theft. Obviously, from his own testimony, the words were susceptible of two meanings, one being that he merely desired to know the clerk from whom the plaintiff bought the flour and the other being that he believed that the plaintiff had stolen the flour and must prove that he had bought it or he would be charged with having stolen it. "As a general rule, to charge one orally with larceny is actionable *per se* It is not necessary that the words spoken should by themselves constitute a technical charge of crime or that there should be a directly affirmative charge, it being sufficient if the words would naturally and presumably be understood by the hearers as charging the crime of larceny." 36 C. J., 1205. "As a general rule, it is the province of the Court to determine what constitutes defamation abstractly. Hence, if the language is plain and unambiguous, it is a question of law whether or not it is defamatory. If the language is obviously actionable *per se,* it is the duty of the Court so to instruct the jury as a matter of law; and it is

not for the jury to say what defendant meant by making the charge. But if the language is ambiguous and susceptible of two meanings, one defamatory and the other not, it is for the jury to decide in what sense it was used." 37 C. J., 101. In other words, it may be a question of mixed law and fact and for the jury to say whether the words were slanderous *per se. Lily v. Belk's Dept. Store* (S. C.), 182 S. E., 889, a case almost exactly in point; *Rowell v. Johnson and S. H. Kress & Co.,* 170 S. C., 205, 170 S. E., 151; *Jackson v. Record Pub. Co.,* 175 S. C., 211, 178 S. E., 833; *Norman v. Stevenson Theatres,* 159 S. C., 191, 156 S. E., 357; *Turner v. Montgomery Ward & Co.,* 165 S. C., 253, 163 S. E., 796; *McClain v. Reliance Life Ins. Co.,* 150 S. C., 459, 148 S. E., 478; *Williamson v. Askin & Marine Co.,* 138 S. C., 47, 136 S. E., 21. And if slanderous *per se,* actual damages are presumed and need not be proved to justify a verdict for punitive damages. *Fitchette v. Sumter Hardwood Co.,* 145 S. C., 53, 142 S. E., 828.

All exceptions are overruled, and the judgment is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE CARTER concurs in result.