14502

ZEIGLER v. SOUTHERN STATES SUPPLY CO.

(191 S. E., 889)

February, 1937.

*Messrs. Royall & Wright,* for appellant, cite:

*Messrs. McEachin & Townsend,* for respondent, cite:

June 17, 1937.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action by P. B. Zeigler, plaintiff, against the defendant, Southern States Supply Company, a corporation, was commenced in the Court of Common Pleas for Florence County, this State, November, 1936, for recovery of judgment against the defendant in the sum of $25,000.00, alleging that the defendant published false and malicious, libelous and defamatory matter and charged plaintiff with commission of a crime by publishing and circulating a notice in the *Morning News,* a daily newspaper published in Florence, S. C. To the plaintiff's complaint the defendant interposed a demurrer, which was heard by his Honor, Judge Philip H. Stoll. Judge Stoll, after due consideration, dismissed the demurrer and issued an order accordingly. From Judge Stoll's order dismissing the demurrer the defendant duly appealed to this Court upon the following exceptions:

"1. That his Honor, the trial Judge, erred in holding that

"The libelous implications and inferences claimed by the plaintiff to inhere in the publication set out in the complaint being, in view of the remaining allegations of the complaint, a question for the jury, it is, therefore,

"Ordered that the demurrer be, and it is hereby dismissed.

"2. That his Honor, the trial Judge, erred in failing to sustain the demurrer on the grounds that the facts stated in the complaint are totally insufficient to make the said publication libelous."

In order to give a clear understanding of the questions presented on the appeal, we quote the following allegations of the plaintiff's complaint:

"1. That the plaintiff is a resident of the County of Florence, State of South Carolina; and that the defendant is a corporation duly organized and existing under the laws of the State of South Carolina, with its principal place of business at Columbia, South Carolina, and maintaining an office and agents in the County of Florence, State of South Carolina.

"2. That for some time prior to June, 1936, the plaintiff was employed by the defendant as one of its representatives in the Florence district in the installation of heating equipment, etc.; but that about the latter part of June, 1936, the plaintiff severed his connection with the defendant company.

"3. That on October 17, 1936, the defendant caused to be published and advertised of and about the plaintiff in the *Morning News,* a daily newspaper of wide circulation published in Florence, S. C., the following:

" 'Notice—This is to advise that P. B. Zeigler, Florence, S. C., is not connected with our firm in any way. Southern States Supply Co., Florence, S. C., Columbia, S. C.'

"4. That in and by the publication above set out the defendant intended to and did charge the plaintiff with holding himself out as a representative of the defendant company, when in fact he was not such representative, and thereby obtaining money, credit, goods, orders, etc., under false pretenses; that by the style, manner and arrangement of the said notice the defendant intended to and did with unusual publicity announce to the world that the plaintiff was endeavoring to foist himself off upon the public as having the financial backing of the defendant company, when in fact he was not connected with the said company, and that the defendant thereby intended to and did convey to the world a charge that the plaintiff was using the defendant's name for ulterior purposes and obtaining money, credit, goods, orders, etc., under false pretenses, and that such was the plaintiff's dishonesty and falsity that the defendant was forced to protect itself and its reputation and standing by public notice of the criminal course of the plaintiff.

"5. That the said notice and the manner of its publication, as above, and the implications, insinuations, and charges involved therein, as made by the defendant against the plaintiff, and meant to be made by the defendant against the plaintiff, were false, wanton, malicious, libelous and defamatory, humiliating and embarrassing the plaintiff, casting upon him contempt, ridicule, scorn and obloquy, causing the plaintiff to lose business and business connections, casting doubt upon the plaintiff's financial dealings, and reflecting upon his honesty, business integrity, and credit standing, charging the plaintiff with the commission of a crime under the laws of the State of South Carolina, that is, of securing and endeavoring to secure credit, goods, orders, etc., under false pretenses.

"6. That, by reason of the false, malicious, libelous and defamatory accusations and criminal charges as above published and circulated by the defendant concerning the plaintiff, the plaintiff has been damaged in the sum of Twenty-five Thousand ($25,000.00) Dollars."

The defendant's demurrer reads thus:

"The defendant herein, specifically reserving unto himself the right to answer, demurs to the complaint in this action on the following grounds to wit:

"1. That the complaint does not state facts sufficient to constitute a cause of action in that the alleged publication notice is not libelous *per se* and the facts stated in said complaint are totally insufficient to make the said publication libelous in any manner." Judge Stoll's order, overruling the demurrer, is in the following language:

"This matter comes before me on motion of the plaintiff to dismiss the demurrer of the defendant to the sufficiency of the complaint to constitute a cause of action, the publication set out not being libelous *per se* and the facts stated being totally insufficient to make the said publication libelous in any manner.

"The libelous implications and inferences claimed by the plaintiff to inhere in the publication set out in the complaint,

being, in view of the remaining allegations of the complaint, a question for the jury, it is, therefore,

"Ordered that the demurrer be, and it is hereby dismissed.

"Further ordered, that the defendant have twenty days after the service of this order in which to answer the complaint."

In support of appellant's exceptions, appellant calls attention to the following cases of this Court: *Prickett v. Western Union Telegraph Company,* 134 S. C., 276, 132 S. E., 587; *Spigner v. Prudential Life & Accident Insurance Company,* 148 S. C., 249, 146 S. E., 8; *Hubbard v. Furman University,* 76 S. C., 510, 57 S. E., 478.

On the part of the respondent attention is called to the fact, based on the allegations set forth in the complaint, that the plaintiff's relations, as one of its representatives in the Florence district, in the installation of heating equipment, etc., had been severed for a period of about four months; that for some time prior thereto the plaintiff was employed as one of the defendant's representatives in said section, and, evidently, was known in the community as such. The period of four months having elapsed since the relations of the parties had been severed, the question naturally arises as to why the defendant considered it necessary to insert in one of the newspapers published in that section the notice quoted in the complaint, to wit: "Notice—This is to advise that P. B. Zeigler, Florence, S. C., is not connected with our firm in any way. Southern States Supply Co., Florence, S. C., Columbia, S. C."

It is the contention of the plaintiff-respondent that the reason for doing this is set forth in the complaint, which we have quoted above, and we especially call attention to Paragraphs 4, 5 and 6 of the complaint, which need not be repeated at this time. Plaintiff-respondent contends, and he is supported by the order of the Circuit Judge, that these allegations give rise to a cause of action. In this connection the respondent calls attention to the following cases as support-

ing his position and the order issued by the Circuit Judge: *Norman v. Stevenson Theatres,* 159 S. C., 191, 156 S. E., 357; *McClain v. Reliance Life Insurance Co.,* 150 S. C., 459, 148 S. E., 478; *Bosdell v. Dixie Stores Co.,* 168 S. C., 520, 526, 167 S. E., 834; *Riley v. Askin & Marine Co.,* 134 S. C., 198, 132 S. E., 584, 46 A. L. R., 558; *Duncan v. Record Publishing Company,* 145 S. C., 196, 198, 143 S. E., 31; *Davis v. Johnston,* 2 Bailey, 579, and *Turner v. Montgomery Ward & Co.,* 165 S. C., 253, 163 S. E., 796. Respondent also calls attention to the cases of *Prickett v. Western Union Telegraph Company, supra,* and *Hubbard v. Furman University, supra,* which cases were cited by appellant.

We agree with the conclusion reached by the Circuit Judge. The exceptions are, therefore, overruled, and the order appealed from affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.