14990

REYNOLDS v. SOUTHERN GROCERY STORES, INC.

(6 S. E. (2d), 470)

April, 1939.

*Messrs. Legge & Gibbs* and *Thomas, Cain & Black,* for
appellant,

*Messrs. J. C. Long* and *Arthur Rittenberg,* for respond-
ent,

December 27, 1939.

The opinion of the Court was delivered by Mr. Justice Bonham.

This is an action for slander. The plaintiff is a minor of the age of nineteen years and appears by his guardian *ad litem*. The defendant is a corporation.

The complaint alleges that the plaintiff was employed as a clerk in defendant's store situate at 1093 King Street, in the City of Charleston, South Carolina. That at the times mentioned in the complaint, one B. F. Henderson was employed as superintendent of defendant's stores in the district which included the store above named in the City of Charleston. That Henderson came to the store on or about May 3, 1938, in the discharge of his duties as such superintendent, and while plaintiff was on duty; the superintendent went to the cash register, counted the money therein and checked the cash register and left the store; a few minutes later he returned and again counted the money and checked the cash register. He asked plaintiff: "Alvo, where is the dollar for the purchases the lady just made from you?" To which plaintiff replied: "No lady has just spent a dollar with me. What lady are you talking about?" The superintendent said: "The lady who just came in here and bought four packages of cigarettes, a can of lunch tongue and a jar of mayonnaise." The plaintiff: "No lady has bought anything like that from me. The only woman who has come in the store since you left was a negro woman who made a five cent purchase, a loaf of bread. You can see for yourself from the register that the last sale made was a five cent purchase." Again the superintendent stated: "I saw the five cent purchase, I am not talking about that; I am talking about the dollar that the lady spent with you." The plaintiff replied: "I told you that no lady had spent a dollar with me." Thereupon the superintendent stated: "I see that you have a very bad memory; if the memory is as bad as that we have no further use for you." Thereupon, he paid plaintiff the wage due him and discharged him.

Plaintiff brought action for slander, seeking to recover damages in the sum of $3,000.00. He alleged that by the language used and by his conduct, the superintendent, intending to injure plaintiff, charged him with the crime of larceny, and said language and conduct were so understood by those who were present and heard it. That said accusation was false and malicious, and was intended to injure, defame and slander plaintiff.

For answer, defendant pleads ignorance of the allegations of Paragraph 1 of the complaint; admits its corporate capacity and that at the times stated B. F. Henderson was in its employ as superintendent, as alleged, and that plaintiff was in its employ as stated. It denies the allegations contained in Paragraphs 4, 5, 6, 7 and 8, and all allegations not admitted or denied.

For a second defense: That the alleged slanderous statement was a privileged communication and made upon a privileged occasion.

For a third defense: That if B. F. Henderson made and published the alleged slanderous and defamatory matter of and concerning plaintiff, which he denies, such publication was outside and beyond the scope of his authority and duties as such superintendent, and defendant is not liable or responsible therefor.

The defendant moved for nonsuit, directed verdict and new trial, which motions were denied.

The defendant's counsel, at the close of all the testimony, withdrew the second and third defenses and rested upon their general denial.

The jury found for the plaintiff.

The defendant appeals upon eight exceptions, which counsel treat under two heads, viz.:

"1. Whether the Court erred in refusing to hold as a matter of law that the words were not defamatory and could not have been so understood under the circumstances.

"2. Whether the Court erred in refusing to hold as a matter of law that the words were not actionable *per se,* and

that there could have been no recovery therefor in the absence of allegation and proof of special damages."

The questions made by these two exceptions have been so clearly and explicitly decided against the contention of appellant that we deem it only necessary to cite and quote a few of the apt opinions of this Court.

In the case of *Rowell v. Johnson et al.,* 170 S. C., 205, 170 S. E., 151, the words alleged to be slanderous were: " * * * you are short in your register to the extent of $5.25, and you need not return in the morning for work, but you are discharged and need not return." This Court said, quoting from the case of *Davis v. Johnston,* 2 Bailey, 579: " 'The rule in verbal slander, as to the construction of words, is, that they are to be understood in their ordinary and popular meaning. If words are susceptible of two meanings, one imputing a crime, and the other innocent, the latter is not to be adopted, and the other rejected, as a matter of course. In such a case, it must be left to the jury to decide in what sense the defendant used them.' "

Further from the *Rowell case*: "Nor do we think that the trial judge committed error in his refusal to direct a verdict upon the grounds that the alleged defamatory words were not actionable *per se* in that they charged no crime, and that no special damages were either alleged or proved. * * * "

In the case of *Turner v. Montgomery Ward & Co.,* 165 S. C., 253, 163 S. E., 796, this is found:

"Any words which distinctly assume or imply that one committed a crime, or which raise strong suspicion in minds of hearers that one did, are actionable *per se.*" Syllabus 3.

"Where words used of another are susceptible of two meanings, one imputing a crime and the other innocence, jury should decide meaning in which they were used." *Ibid,* Syllabus 4.

In the case of *Black v. State Company,* 93 S. C., 467, 77 S. E., 51, 55, Ann. Cas., 1914-C, 989, it was said: "If the words are plainly libelous, or wanting in any defamatory

signification, it is the province and duty of the court to say so. Where the meaning is doubtful, it is the province of the jury to decide."

In the case of *Merritt v. Great A. & P. Tea Co.*, 179 S. C., 474, 184 S. E., 145, 147, the Court said: " 'As a general rule, to charge one orally with larceny is actionable *per se*. It is not necessary that the words spoken should by themselves constitute a technical charge of crime or that there should be a directly affirmative charge, it being sufficient if the words would naturally and presumably be understood by the hearers as charging the crime of larceny.' 36 C. J. 1205. 'As a general rule, it is the province of the Court to determine what constitutes defamation abstractly. Hence, if the language is plain and unambiguous, it is a question of law whether or not in its defamatory. If the language is obviously actionable *per se,* it is the duty of the Court so to instruct the jury as a matter of law; and it is not for the jury to say what defendant meant by making the charge. But if the language is ambiguous and susceptible of two meanings, one defamatory and the other not, it is for the jury to decide in what sense it was used.' 37 C. J. 101. In other words, it may be a question of mixed law and fact and for the jury to say whether the words were slanderous *per se.* [Citing *Lily v. Belk's Dept. Store*, 178 S. C. 278, 182 S. E. 889, and other South Carolina cases.] And if slanderous *per se,* actual damages are presumed and need not be proved to justify a verdict for punitive damages. *Fitchette v. Sumter Hardware Co.*, 145 S. C. 53, 142 S. E. 828."

In the case of *Tucker v. Pure Oil Co. et al., 1939,* 191 S. C., 60, 3 S. E. (2d), 547, this Court said:

"Where words may be susceptible of two meanings, one of which is slanderous and the other innocent, it is for jury to determine in what sense speaker used them from all circumstances attending publication thereof." Syllabus 4.

"Whether words, used by filling station operator in statement to customer that former operator of station was 'short

in his accounts,' were defamatory, was question for jury."
Syllabus 5.

It is useless to cite other authorities. The Court is satisfied that the trial Judge did not err, as charged by the exceptions. The exceptions are overruled and the judgment is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BAKER and FISHBURNE concur.