23697

William P. COOK, Appellant v. SOUTH CAROLINA DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Respondent.

(420 S.E. (2d) 847)

Supreme Court

*Melvin L. Roberts,* York, *for appellant.*
*Patrick M. Teague,* Columbia, *for respondent.*
Heard June 2, 1992.

Decided Aug. 10, 1992.

HARWELL, Chief Justice:

This is an appeal from a grievance proceeding. Appellant William P. Cook alleges that the trial judge erred in upholding the decision of the South Carolina State Employee Grievance Committee. We affirm in part and reverse in part.

## I. FACTS

Appellant was a member of the South Carolina Highway Patrol stationed in a small, rural town. Rumors began circulating in the community that appellant, who was married, and a married woman were engaged in a clandestine relationship. Eventually the gossip came to the attention of appellant's supervisors, and appellant was summoned before his sergeant, lieutenant, and captain for questioning about the alleged relationship. At first, appellant denied knowing the woman. However, according to the witnesses who were present at the meeting, appellant finally admitted that he had been lying in order to protect the woman with whom he allegedly was involved. The captain verbally suspended appellant pending termination. Appellant was terminated in writing approximately one week later for improper conduct.

Appellant protested his dismissal through appropriate channels. Appellant's grievance was heard and found to be meritless by the Personnel Grievance Committee of the South Carolina Department of Highways and Public Transportation. This finding subsequently was affirmed by the South Carolina State Employee Grievance Committee. Having exhausted his administrative remedies, appellant appealed to the circuit court. The trial judge initially found that appellant had been denied due process; however, upon reconsideration, the trial judge determined that there was substantial evidence to uphold the administrative decisions affirming appellant's termination from the highway patrol.

## II. DISCUSSION

### A. *Due Process*

Appellant first alleges that he was denied due process because respondent failed to follow a number of its own procedures. We disagree.

Article 14 of the South Carolina Highway Patrol Manual (Manual) provides that when an employee is terminated, a supervisor must prepare a written summary outlining the reasons for dismissal. The summary must then be presented to the next level of supervision, and, after approval, discussed with the employee. According to appellant, he was denied due process because he did not receive a written summary outlining the reasons for his dismissal as mandated by the Manual. However, the Manual also provides that "[w]hen a violation is of a severe nature and the offense calls for dismissal, any supervisor listed in Section 14E5 [which list includes persons of the captain's rank] may suspend an employee immediately and advise him/her that dismissal will be recommended and is pending approval of the proper authority."[1] The captain considered appellant's violation to be of a severe nature because it could cause embarrassment to the highway patrol. We find that the captain was justified in summarily suspending appellant, and that he acted in accordance with the provisions of Article 14.

Appellant also asserts that he was denied due process because he was forced to guess at the nature of the alleged "improper conduct" that led to disciplinary action. Appellant contends that had he been discharged because of his alleged relationship with a married woman, he would have been discharged pursuant to a section of the Manual relating to discipline for "involvement in sexual acts considered to be improper." However, the captain relied on a separate provision in the Manual dealing with discipline for "improper conduct":

> Patrol personnel shall conduct themselves at all times, both on and off duty, in such a manner as to reflect most favorably upon the Highway Patrol and in keeping with the high standards of professional law enforcement. Improper conduct shall include any conduct which tends to bring the Patrol into disrepute, or which tends to impair the operation and efficiency of the Patrol or of a member, which violates Patrol rules and regulations.

---

[1] This was appellant's second offense. The Disciplinary Action Policy provides that such a violation warrants "Written Reprimand to 5 Days Suspension and/or Transfer and/or Demotion to Dismissal."

Appellant was aware that his public image was of the utmost importance. Appellant's duty to conduct himself in an upright fashion was particularly important because he resided in a small town where his conduct was more susceptible to public scrutiny. In addition, the record supports respondent's assertion that appellant was informed, both verbally and in writing, that his involvement with a married woman tended to impair his effectiveness in the community and reflected adversely on the highway patrol. We conclude that appellant's contention that he had to guess at the nature of his improper conduct is without merit.

Appellant also asserts that he was denied due process because respondent failed to to comply with certain other procedures set forth in the Manual. However, we discern no evidence that respondent violated any pertinent provisions of the Manual. Accordingly, we conclude that appellant's contentions to the contrary are without merit.

In addition, appellant claims that the Grievance Committee abused its discretion in permitting a witness not previously identified by either party to take the stand. However, the trial judge did not rule upon the propriety of allowing the previously unidentified party to testify. An issue which was raised below but not ruled upon by the trial judge is not preserved for review. *Talley v. South Carolina Higher Education Tuition Grants Committee*, 289 S.C. 483, 347 S.E. (2d) 99 (1986).

Appellant further asserts that the Grievance Committee abused its discretion in disallowing testimony by two other witnesses called by appellant. The trial judge remanded this issue to the Grievance Committee for written findings regarding its reasons for admitting or excluding this testimony. Our review of the record indicates that appellant failed to object to the Grievance Committee's ruling excluding these two witnesses. An exception does not present a question for review where no formal objection was made before the Grievance Committee. *See Norman v. Stevenson Theatres*, 159 S.C. 191, 156 S.E. 357 (1931). We find that the trial judge erred in ruling on a question not properly before him, and reverse this portion of the trial judge's order.

B. *Other Issues Raised Below*

Appellant next asserts that the trial judge failed to address twenty-three exceptions raised by appellant to the ruling of the Grievance Committee. We disagree.

The trial judge was obligated to review the decisions of the Grievance Committee to ensure that they were supported by substantial evidence. *See Roche v. South Carolina Alcoholic Beverage Control Commission,* 263 S.C. 451, 211 S.E. (2d) 243 (1975). It was not incumbent upon the trial judge to separately address in writing every issue raised by appellant, as long as the trial judge could ascertain that the administrative rulings below were proper. Further, appellant demonstrates no prejudice by the trial judge's failure to comment on each exception, and our review of the record fails to disclose how the trial judge's review would have been affected had the trial judge made an independent finding regarding each contention.

C. *Amicus Curiae*

Appellant finally urges that the trial judge erred in allowing the South Carolina Budget and Control Board to appear as amicus curiae at the hearing regarding respondent's motion for reconsideration. We disagree.

The admission or exclusion of evidence at trial is addressed to the sound discretion of the trial judge, whose discretion will not be disturbed on appeal in the absence of an abuse of such discretion amounting to a manifest error of law. *Grand Strand Construction Co. v. Graves,* 269 S.C. 594, 239 S.E. (2d) 81 (1977). We find nothing tending to show that the trial judge abused his discretion in allowing the Budget and Control Board the opportunity to appear as amicus curiae. Further, appellant fails to demonstrate that he was prejudiced by the Budget and Control Board's appearance, or that the trial judge even considered the amicus arguments in reconsidering his order. This issue is without merit.

The order of the trial judge is

Affirmed in part and reversed in part.

CHANDLER, FINNEY, TOAL and MOORE, JJ., concur.