2057*

Dino O'NEAL, Appellant v. S.C. DEPARTMENT OF SOCIAL SERVICES and the S.C. Employee Grievance Committee, Respondents.

(437 S.E. (2d) 127)

Court of Appeals

*Formerly Unpublished Opinion No. 93-UP-188.

224

*Larry C. Smith,* Columbia, *for appellant.*

*Samuel L. Wilkins* and *Tana G. Vanderbilt, SC Dept. of Social Services,* Columbia, *for respondents.*

Submitted June 7, 1993.

Decided June 24, 1993.

*Per Curiam:*

Dino O'Neal was terminated from his job at the South Carolina Department of Social Services (DSS) for alleged client abuse, disruption of the operations of the department, and failure to maintain a harmonious relationship with the public. The State Employee Grievance Committee (the Grievance Committee) issued its final decision upholding the termination for client abuse and the and the circuit court affirmed. O'Neal appeals. We affirm.

O'Neal argues the circuit court erred in failing to find ■ DSS and the Grievance Committee were in default on the appeal to the circuit court. This argument is without merit because they were not required to file responsive pleadings to appeals under the Administrative Procedures Act. S.C. CODE ANN. § 1-23-380 (1986).

Moreover, O'Neal's argument that the circuit court ■ erred in failing to state its findings of fact and conclusions of law in its order is also without merit. Section 1-23-380 only requires the circuit court to determine whether the final decision of the Grievance Committee was supported by substantial evidence. *See Cook v. S.C. Dept of Highways and Pub. Transp.,* — S.C. —, 420 S.E. (2d) 847, 849 (1992) ("It was not incumbent upon the trial judge to separately address

in writing every issue raised by appellant, as long as the trial judge could ascertain that the administrative rulings below were proper.").

We need not consider O'Neal's final argument that the Grievance Committee improperly admitted evidence of earlier incidents concerning O'Neal's actions. The Grievance Committee based its decision on its finding that O'Neal's actions toward a certain client, whose complaint prompted his termination, were so improper as to constitute client abuse. Even if the Grievance Committee should not have considered evidence of earlier incidents, a single incident of client abuse, such as the one that occurred here, is sufficient to make termination appropriate under the South Carolina Department of Social Services Personnel Administration Policy and Procedure Manual.

Affirmed.