**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

South Carolina Department of Corrections, Appellant,

v.

Johnnie L. Bryant, Respondent.

Appellate Case No. 2013-002077

———————

Appeal from The Administrative Law Court
Shirley C. Robinson, Administrative Law Judge

———————

Unpublished Opinion No. 2014-UP-383
Heard October 16, 2014 – Filed November 5, 2014

———————

**AFFIRMED**

———————

Daniel John Crooks, III, of the South Carolina
Department of Corrections, of Columbia, for Appellant.

Marshall L. Horton and Lindsay Yoas Goodman, both of
Horton Law Firm, LLC, of Bluffton; and Fatima Alexis
Zeidan and Clifford Bush III, both of Law Office of
Clifford Bush III, LLC, for Respondent.

———————

**PER CURIAM:** This is an appeal from the Administrative Law Court (ALC)
involving the South Carolina Department of Correction's (SCDC's) termination of

Johnnie L. Bryant.  SCDC argues the ALC erred in affirming the State Employee Grievance Committee's (Committee's) decision that SCDC acted wrongfully in its termination of Bryant.  Specifically, SCDC argues the ALC erred in (1) upholding the Committee's use of the incorrect standard of review, (2) finding Bryant's statements were not inconsistent or contradictory, and (3) affirming the Committee's finding that there was a causal connection between the filing of Bryant's civil lawsuit and SCDC's decision to take corrective action against him. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the ALC erred in upholding the Committee's use of the incorrect standard of review: *Cook v. S.C. Dep't of Highways & Pub. Transp.*, 309 S.C. 179, 183, 420 S.E.2d 847, 849 (1992) (recognizing issue preservation rules apply in Committee hearings); *TNS Mills, Inc. v. S.C. Dep't of Revenue*, 331 S.C. 611, 617, 503 S.E.2d 471, 474 (1998) ("An issue conceded in a lower court may not be argued on appeal.").

2. As to whether the ALC erred in ruling Bryant's statements were not inconsistent or contradictory: *Risher v. S.C. Dep't of Health & Envtl. Control*, 393 S.C. 198, 204, 712 S.E.2d 428, 431 (2011) ("A decision of the ALC should be upheld . . . if it is supported by substantial evidence in the record."); *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 135, 276 S.E.2d 304, 306 (1981) (stating that substantial evidence is "evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached or must have reached in order to justify its action" and is not "a mere scintilla of evidence nor the evidence viewed blindly from one side of the case"); *Corbin v. Kohler Co.*, 351 S.C. 613, 618, 571 S.E.2d 92, 95 (Ct. App. 2002) ("[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.").[1]

**AFFIRMED.**

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**

---

[1] As to issue three, we note that during oral argument, both parties agreed, as does this court, that despite the ALC's affirmance of this issue, the Committee did not make a finding that there was a causal connection between the filing of Bryant's civil lawsuit and SCDC's decision to take corrective action against him.